**Nicholas SARNELLI, Plaintiff, Appellant,**

v.

**AMALGAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA, AFL–CIO LOCAL UNION #33 et al., Defendants, Appellees.**

No. 71–1384.

United States Court of Appeals, First Circuit.

Heard March 7, 1972.

Decided March 24, 1972.

David Burres, Springfield, Mass., for appellant.

Arthur J. Flamm, Boston, Mass., with whom Flamm, Mason & Paven, Boston, Mass., was on brief, for Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO, Local Union #33, appellee.

Alvin M. Glazerman, Boston, Mass., with whom Snyder, Tepper & Berlin, Boston, Mass., was on brief, for Stop & Shop, appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Determination of the defendant union's liability *vel non* for refusing to arbitrate plaintiff's discharge must depend upon the extent of the obligation imposed upon a collective bargaining agent. *See* Humphrey v. Moore, 1964, 375 U.S. 335, 342, 84 S.Ct. 363, 11 L.Ed. 2d 370. If the union has a duty to represent a member up to the point that it could show it was unreasonable, viewed simply from his standpoint, to go further, as plaintiff seemingly contends, liability might possibly be found here. This is not, however, the proper test. The only burden upon a union is to act fairly and in good faith, something considerably less than a duty of support measured solely with reference to the member. Vaca v. Sipes, 1967, 386 U.S. 171, 190–193, 87 S.Ct. 903, 17 L.Ed.2d 842; De Arroyo v. Sindicato de Trabajadores Packinghouse, AFL–CIO, 1 Cir., 1970, 425 F.2d 281, cert. denied sub nom. Puerto Rico Tel. Co. v. Figueroa de Arroyo, 400 U.S. 877, 91 S.Ct. 117, 27 L.Ed.2d 114; Bazarte v.

United Transp. Union, 3 Cir., 1970, 429 F.2d 868, 872. While the processing of a meritorious grievance in a perfunctory fashion may be a violation of the duty of fair representation, Vaca v. Sipes, ante 386 at 191, 87 S.Ct. 903, the court found, on the evidence, that the union's actions were adequate and reasonable. The court, 333 F.Supp. 228, applied the proper standard. We see no error.

Affirmed.