779 F.2d 93
 121 L.R.R.M. (BNA) 2105, 103 Lab.Cas. P 11,729
 Daniel GRAHAM, Plaintiff, Appellant,
v.
BAY STATE GAS COMPANY d/b/a Bay State Propane, a division of
Bay State Gas Company,
and
Oil, Chemical and Atomic Workers International Union,
AFL-CIO, Local Union 8-366, Defendants, Appellees.
 No. 85-1417.
 United States Court of Appeals,
First Circuit.
 Heard Oct. 7, 1985.
Decided Dec. 11, 1985.
 
 Richard K. Sullivan, Jr., Westfield, Mass., with whom Stephen M. Reilly, Springfield, Mass., were on brief for plaintiff, appellant.
 Ira Sills, with whom Segal, Roitman & Coleman, Boston, Mass., were on brief for Oil, Chemical and Atomic Workers Intern. Union, AFL-CIO, Local Union No. 8-366, defendant, appellee.
 James M. Paulson, with whom Nathan L. Kaitz, Morgan, Brown & Joy, Boston, Mass., were on brief for Bay State Co., defendant, appellee.
 Before COFFIN and BOWNES, Circuit Judges, and TIMBERS,* Senior Circuit Judge.
 COFFIN, Circuit Judge.
 
 
 1
 Daniel Graham, appellant, was fired from his job, and subsequently sued his employer, under section 301(a) of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and his union, under section 9(a) of the National Labor Relations Act, 29 U.S.C. Sec. 159(a), in federal court for the District of Massachusetts. Both the employer and the union moved for summary judgment on the ground that appellant's action was barred by the statute of limitations. The district court granted summary judgment for both defendants, and we affirm.
 
 
 2
 After an unexcused absence from employment, appellant was suspended from his position by his employer, Bay State Gas Company, on May 28, 1981. Bay State converted appellant's suspension into a termination and sent him written notice, which he received on June 1, 1981. Several days later, after talking with his union, O.C.A.W. Local 8-366, about the possibility of his being reinstated to his job, appellant decided not to arbitrate a grievance against Bay State. Under the collective bargaining agreement, Bay State employees had ten days in which to file a written grievance with the union against the employer.
 
 
 3
 In February 1982, appellant's wife met with a Bay State officer in an attempt to have Bay State reconsider its decision to discharge the appellant. The officer told appellant's wife that the case was closed. On March 2, 1982, in another meeting, the officer told appellant's wife that the case was closed because the union representative, Herbert Lambert, did not want anything to do with appellant. Appellant's wife told the officer at that meeting that she and her husband would seek legal counsel.
 
 
 4
 In May 1982, appellant's lawyer wrote a letter to Lambert requesting arbitration of appellant's discharge. Having received no response, the lawyer wrote another letter in October 1982. In November 1982, Bay State wrote to appellant, informing him that he would not be reinstated. On January 19, 1983, appellant filed a complaint, alleging a breach of the duty of fair representation against the union and a breach of a collective bargaining agreement against the employer.
 
 
 5
 In DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that the six-month statute of limitations of section 10(b) of the Labor Management Relations Act applies to "hybrid" actions brought under section 301 of that Act. A hybrid action is one in which a union member brings a section 301 claim against his or her employer and a duty of fair representation claim against the union. See DelCostello, 462 U.S. at 164-65, 103 S.Ct. at 2290-91. This court has held that DelCostello should be applied retroactively to actions, such as this one, that were pending when DelCostello was issued. Graves v. Smith's Transfer Corp., 736 F.2d 819, 822 (1st Cir.1984). A cause of action in a hybrid Section 301/fair representation suit arises when the plaintiff knows, or reasonably should know, of the acts constituting the union's alleged wrongdoing. See Metz v. Tootsie Roll Industries, Inc., 715 F.2d 299, 304 (7th Cir.1983).
 
 
 6
 Appellant's complaint against the union basically is that the union, in bad faith, failed to process his grievance against Bay State. The district court found that the appellant had actual notice of the acts constituting the union's alleged wrongdoing no later than March 2, 1982, when his wife met with the Bay State officer. Indeed, on that day, after being told that the union would not get involved in her husband's case, appellant's wife told the Bay State officer that she and her husband would seek legal representation. In appellant's legal memorandum to the district court, he himself acknowledged that by March 1982, "it became clear to [him] and his wife that the Union and the Company did not intend to take any substantive action to remedy [his] problem".
 
 
 7
 We agree with the district court that appellant had notice of the union's alleged wrongdoing no later than March 2, 1982, about ten months before he filed suit. Because the statute of limitations for a hybrid action such as this one is six months, appellant's action is time barred.
 
 
 8
 The judgment of the district court is affirmed.
 
 
 
 *
 Of the Second Circuit, sitting by designation