O’Toole, J.
The defendant hospital’s motion to dismiss count IV of the plaintiffs complaint is DENIED because there is a genuine issue of fact concerning when the statutory claim set forth accrued for purposes of the applicable statute of limitations.[3]
DISCUSSION
The plaintiffs contend that the so-called “discovery rule” prevents their claim from being barred by the two-year statute of limitations set out in the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. §1395dd (“EMTALA”). Although a statute of limitations, such as that expressed in EMTALA, normally governs the time within which legal proceedings must be commenced after a cause of action accrues, the discovery rule has been applied as a matter of common law to claims brought under various federal statutory schemes. See, e.g., Arriaga-Zayas v. International Ladies’ Garment Workers Union, 835 F.2d 11,13 (1st Cir. 1987) (discovery rule applied to action under the National Labor Relations Act, 29 U.S.C. § 160(b) and the Labor Management Relations Act, 29 U.S.C. §185), and Nicolazzo u. United States, 786 F.2d 454, 455 (1st Cir. 1986) (applying discovery rule to a medical malpractice claim arising under Federal Tort Claims Act, 28 U.S.C. §§1346(b) and 2675(a) et seq). According to a common formulation of the discovery rule, a cause of action accrues when a person aggrieved knows or should have known of the acts constituting the alleged violation. Arriaga-Zayas, 835 F.2d at 13, citing Graham v. Bay State Gas Co., 779 F.2d 93, 94 (1st Cir. 1985).
The plaintiffs say that, prior to the July 16, 1992 deposition of Dr. Brian D’Angona, the Holy Family Hospital (“Hospital”) emergency room physician who examined plaintiff Andrew Carleton, they could not have known of the acts constituting the claimed violation of EMTALA. A complaint should not be dismissed for. failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Nader v. Citron, 372 Mass, 96, 98 (1977). The moving party must establish beyond a doubt that there is no set of facts which the plaintiffs could prove which would entitle it to relief. Epstein v. Liberty Bank & Trust Co., 12 Mass.App.Ct. 1000 (1981). Disputed or *209 even improbable facts should not be the basis for dismissal of a complaint. See New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28 (1988).
Under the EMTALA, if an individual with an emergency medical condition comes to a hospital, the hospital must provide either “within the staff and facilities available at the hospital, for such further medical treatment as may be required to stabilize the medical condition,” or for a transfer to another medical facility that meets certain conditions. 42 U.S.C. §1395dd(b)(l). If, prior to taking the deposition of Dr. D’Angona, the plaintiffs did not know and reasonably could not have known that Hospital had the capacity to stabilize Andrew Carleton’s condition before transferring him to Massachusetts General Hospital, then perhaps their claim is not barred. Defendant Hospital has not established that there is no set of facts which the plaintiffs could prove which would entitle them to relief under the EMTALA, and therefore this matter cannot be resolved by a motion to dismiss.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Holy Family Hospital’s motion to dismiss Count IV of plaintiffs’ amended complaint be DENIED.

The plaintiffs also contend that the statute of limitations is tolled by reason of G.L.c. 260, §7, suspending the limitations period during a plaintiffs minority. Since the claim set forth is a federal cause of action governed by a specific statute of limitations, it is doubtful that the state tolling statute can be applied. Because of the resolution of this motion on other grounds, however, that question need not be definitively answered now.