**John PLUMLEY, Plaintiff,**

v.

**SOUTHERN CONTAINER, INC., Defendant.**

**No. 00–140–P–C.**

United States District Court, D. Maine.

Dec. 20, 2000.

Francis Jackson, Jackson & Macnichol, Portland, ME, for John Plumley, plaintiff.

James R. Erwin, Pierce, Atwood, Portland, ME, Joseph M. Labuda, Perry S. Heidecker, Milman & Heidecker, Lake Success, NY, for Southern Container, Inc., defendant.

## *MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND RECOMMENDED DECISION ON DEFENDANT'S MOTION TO DISMISS*

DAVID M. COHEN, United States Magistrate Judge.

The defendant, Southern Container, Inc., moves to dismiss the complaint for failure to state a claim on which relief can be granted or, in the alternative, to dismiss two of the three claims asserted against it as untimely. The plaintiff moves for leave to amend his first amended complaint. I grant the motion for leave to amend in part. I recommend that the court deny the motion to dismiss.

### I. Applicable Legal Standard

The defendant's motion invokes Fed. R.Civ.P. 12(b)(6). "When evaluating a motion to dismiss under Rule 12(b)(6), [the court] take[s] the well-pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in h[is] favor." *Pihl v. Massachusetts Dep't of Educ.,* 9 F.3d 184, 187 (1st Cir.1993). The defendant is entitled to dismissal for failure to state a claim only if "it appears

to a certainty that the plaintiff would be unable to recover under any set of facts." *Roma Constr. Co. v. aRusso,* 96 F.3d 566, 569 (1st Cir.1996); *see also Tobin v. University of Maine Sys.,* 59 F.Supp.2d 87, 89 (D.Me.1999).

## II. Factual Background

The complaint includes the following relevant factual allegations. The plaintiff was at all relevant times a member of Local Union No. 669 of the Paper, Allied–Industrial, Chemical and Energy Workers Union (collectively, "the Union"). First Amended Complaint (Docket No. 2) ¶ 2. The Union has a labor contract with the defendant covering the period March 1, 1995 to December 31, 2000. *Id.* ¶ 4. The plaintiff was employed by the defendant under the terms of this contract. *Id.* ¶ 6.

On or about March 20, 1998 the defendant fired the plaintiff. *Id.* ¶ 7. After arbitration, the plaintiff was reinstated. *Id.* The plaintiff was asked to return to his job on two days' notice. *Id.* ¶ 8. The plaintiff did so, but took the following day off to see his hospitalized father. *Id.* When he returned to work the following day, on or about November 13, 1998, he was terminated. *Id.* The Union violated its duty of fair representation to the plaintiff by arbitrarily failing to process his grievance regarding the second firing in a timely manner or to obtain an extension of time to do so, without notice to the plaintiff. *Id.* ¶ 10. The Union concealed this refusal to act from the plaintiff until November 11, 1999. *Id.* ¶ 11.

## III. Discussion

The complaint asserts three claims against the defendant: violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* (Count IV); violation of the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.* (Count I); and breach of the labor contract (Count III).[1] After the defendant filed its motion

to dismiss, counsel for the plaintiff filed an objection to the motion and a "conditional" motion for leave to amend the first amended complaint, "in the event that the court determines that it should dismiss one or more counts of the presently pending complaint." Plaintiff's Motion for Leave to Amend Complaint (Docket No. 9) at 1. The motion did not include the proposed amendments for which leave was sought, so the plaintiff was ordered to file a proposed amended complaint. Procedural Order (Docket No. 11). Counsel for the plaintiff has complied with this order and a proposed second amended complaint is now in the court's file. The defendant has filed an objection to the plaintiff's motion for leave to file the proposed second amended complaint, based on that document. Memorandum of Law in Opposition to Plaintiff's Motion to Amend First Amended Complaint (Docket No. 16).

The proposed second amended complaint omits the negligence claim asserted against the Union in the first amended complaint. It adds allegations that the plaintiff was "unreasonably" asked to return to work on two days' notice after the arbitration that followed the first firing and his ordered reinstatement, Plaintiff's Second Amended Complaint ("Proposed Second Amended Complaint") ¶ 9; that the second firing "was undertaken ... in bad faith and as a pretext to avoid compliance with the arbitrator's order to reinstate" the plaintiff, *id.* ¶ 11; that the defendant's conduct breached the labor contract and the arbitration award, id. ¶ 12; that the defendant is "an employer as defined in the FMLA," *id.* ¶ 18; that the plaintiff's father "had a serious medical condition" at the time the plaintiff took a day off to care for him, *id.* ¶ 19; and that the plaintiff was entitled to leave "to care for his ill parent," *id.* ¶ 23.

---

**1.** Count II, a negligence claim against the Union, was voluntarily dismissed by the plaintiff. Docket No. 3.

## A. Contract Claims

The defendant contends that, to the extent that any version of the complaint alleges a common-law claim of breach of contract, such a claim is preempted by section 301 of the Labor Relations Management Act ("LMRA"), 29 U.S.C. § 185. Motion to Dismiss, etc. ("Defendant's Motion") (Docket No. 5) at 5–6. The plaintiff agrees "that state law is preempted," but nonetheless contends that he may recover on two theories: breach of the labor contract as a third-party beneficiary and breach of the arbitration award. Plaintiff's Opposition to Motion to Dismiss Complaint (Docket No. 8) at [2]–[3]. In any event, it is clear that consideration of the claims set forth in Counts I and III of the First Amended Complaint (and Counts I and II of the proposed Second Amended Complaint) will be governed by federal law. *See generally Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 220, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985); *Quesnel v. Prudential Ins. Co.,* 66 F.3d 8, 10 (1st Cir.1995).

The federal law at issue is the LRMA. The relevant section of that federal statute provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Enforcement of an arbitration award as well as allegations of breach of the labor contract under which the award was made are both causes of action that arise under this statute. *Cleveland v. Porca Co.,* 38 F.3d 289, 296 & n. 5 (7th Cir.1994). In general, an individual employee lacks standing either to enforce an arbitration award, *id.* at 296–97, or recover for breach of a labor contract, *Suttles v. United States Postal Serv.,* 927

F.Supp. 990, 1012 (S.D.Tex.1996). However, in either case, an individual employee may bring such a claim if he also alleges and proves that the union breached its duty of fair representation in connection with the substance of his claim. *Cleveland,* 38 F.3d at 297; *Suttles,* 927 F.Supp. at 1012–13. *See generally Sarnelli v. Amalgamated Meat Cutters & Butcher Workmen of N. Am.,* 457 F.2d 807, 808 (1st Cir.1972).

 The defendant contends that the first amended complaint fails to allege sufficient facts in support of its allegation that the Union acted arbitrarily in failing to pursue a timely grievance with respect to the second firing. Defendant's Motion at 10. However, the complaint is adequate in this regard. The pleadings, while minimal, set forth each of the elements of a claim under section 185, and nothing further is required. *Glassman v. Computervision Corp.,* 90 F.3d 617, 628 (1st Cir.1996). Contrary to the defendant's argument, the fact that the plaintiff has voluntarily dismissed his claims against the union does not "demonstrate[ ] that his duty of fair representation claim lacks merit," Defendant's Motion at 10, an argument more appropriate to a motion for summary judgment than a motion to dismiss in any event. An employee need not sue the union in order to proceed against his employer on such a claim. *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 165, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

The defendant argues in the alternative that the plaintiff's contract claims are untimely. Defendant's Motion at 11–12. A claim brought against an employer that requires proof of a breach of the union's duty of fair representation is called a "hybrid" claim, *Suttles,* 927 F.Supp. at 1013, and is subject to a six-month statute of limitations, running from the time at which the employee knew or should have known of the union's breach, *DelCostello,* 462 U.S. at 169–71, 103 S.Ct. 2281; *Graham v. Bay State Gas Co.,* 779 F.2d 93, 94 (1st Cir.

1985). The plaintiff contends that his is not a "hybrid" claim, Plaintiff's Opposition at [3], but it cannot be anything else. He also cites *Sciaraffa v. Oxford Paper Co.,* 310 F.Supp. 891, 900 (D.Me.1970), in which this court rejected application of the six-month statute of limitations under similar circumstances. Of course, *Sciaraffa* was decided thirteen years before the Supreme Court ruled to the contrary in *DelCostello,* which provides the governing statement of the law for purposes of the instant case. The plaintiff does not address the defendant's argument concerning the "known or should have known" element of the applicable statute of limitations test.

■ The first amended complaint alleges that the union "concealed its arbitrary refusal to act from the Plaintiff until November 11, 1999," First Amended Complaint ¶ 11, a date that would make the filing of the first complaint in this action on May 9, 2000 timely by 10 days. That allegation might be construed, by indulging a reasonable inference in favor of the plaintiff, to allege that the plaintiff did not know until November 11, 1999 that the Union had not filed a grievance concerning his firing on November 13, 1998, or that he should not have known until that date that no grievance had been filed or pursued. The first amended complaint accordingly is not subject to dismissal on this basis.

■ This conclusion makes it unnecessary to consider the plaintiff's request for leave to amend the contract claims. However, I do note that the proposed second amended complaint would not survive a motion to dismiss as to those claims. A motion for leave to amend may be denied

when the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). " 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman,* 90 F.3d at 623. The proposed second amended complaint omits any reference to the Union's duty of fair representation and the allegation that the Union concealed its failure to act from the plaintiff. Both allegations are essential to a cause of action under section 185. Accordingly, the motion for leave to amend would be futile as to the contract claims.[2]

The defendant is not entitled to dismissal of Counts I and III of the first amended complaint.

## B. The FMLA Claim

The FMLA provides, in relevant part:

Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

**(A)** Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

**(B)** Because of the placement of a son or daughter with the employee for adoption or foster care.

**(C)** In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

**(D)** Because of a serious health condition that makes the employee unable

**2.** The plaintiff argues that a "motion to amend as a whole must be futile before the court should reject the proposed amended complaint." Plaintiff's Response to Opposition to Motion to Amend the Complaint (Docket No. 17) at 2. The authority cited in the memorandum does not support this all-or-nothing view of a motion for leave to amend. It makes little or no practical sense to require a court to grant a motion to amend as to all claims in a complaint because the motion is valid as to only one of those claims, thus necessitating further expenditure of the parties' and the court's time and effort with respect to the claims as to which the proposed amendment continues to fail to state a claim on which relief can be granted. It makes far more sense to allow amendment only of those claims for which the proposed amendment would not be futile; it is a far simpler task for counsel for a plaintiff simply to file an appropriate amended complaint after final disposition of the motion for leave to amend.

to perform the functions of the position of such employee. 29 U.S.C. § 2612(a)(1). The defendant contends that the first amended complaint fails to allege that the plaintiff is an "eligible employee" under the FMLA, that the defendant is an "employer" within the scope of the FMLA, that the plaintiff's father had a "serious medical condition" within the meaning of the FMLA, or that the plaintiff gave the defendant the 30–days' advance notice required by 29 U.S.C. § 2612(e)(2)(B), each of which standing alone would render the claim subject to dismissal. Defendant's Motion at 4–5. The plaintiff responds in cursory fashion that "the points asserted by the Defendant ... do not demonstrate that 'the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'" Plaintiff's Opposition at [2].

The plaintiff nonetheless adds to his proposed second amended complaint allegations that the defendant is "an employer as defined in the FMLA" and that his father "had a serious medical condition and was hospitalized, receiving in-patient care." Proposed Second Amended Complaint ¶¶ 18–19. Both the first amended complaint and the proposed second amended complaint allege that the plaintiff was entitled to protection under the FMLA for his absence. First Amended Complaint ¶¶ 23–24; Proposed Second Amended Complaint ¶¶ 22–23.

■ The lack of an allegation that the plaintiff's father's illness constituted a serious health condition might be fatal under Rule 12(b)(6). *Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F.Supp. 1108, 1122 (W.D.N.Y.1996). That omission would be rectified by the proposed second amended complaint, which also eliminates any infirmity due to the failure to allege that the defendant is a covered employer under the FMLA. The allegation that the plaintiff is entitled to the protection of the FMLA is certainly conclusory in each complaint, *see Boyce v. New York City Mission Soc'y*, 963 F.Supp. 290, 298 (S.D.N.Y.1997) (listing such a conclusory allegation, along with failure to allege that defendant was employer under FMLA and failure to specify serious health condition, as reasons to dismiss claim), but the complaints, as presented, fairly notify the defendant that the plaintiff claims to be an eligible employee under the FMLA. The details of the statutory or regulatory requirements of that status, upon which the defendant relies to support its argument, Defendant's Motion at 4; Memorandum of Law in Opposition to Plaintiff's Motion to Amend First Amended Complaint at 6, are more appropriately addressed in the context of a motion for summary judgment than that of a motion to dismiss. With respect to the final point raised by the defendant, the FMLA requires an employee to give 30–days' advance notice to the employer only when the need to care for a parent is foreseeable. 29 U.S.C. § 2612(e)(2). A reasonable inference may be drawn from the allegations of both complaints that the plaintiff's father's serious medical condition rendered the asserted necessity for leave unforeseeable, especially in the circumstances alleged where the plaintiff's reinstatement had just occurred the day before. Accordingly, there can be no requirement that such an allegation be included in the complaint. Again, this appears to be an issue more appropriate for consideration in the summary judgment context.

The plaintiff's proposed amendment of his FMLA claim is not futile and is necessary to prevent dismissal of that claim. Accordingly, I grant the motion for leave to amend as to this claim only and recommend that the complaint not be dismissed as to this claim only.

## IV. Conclusion

For the foregoing reasons, **I GRANT** the plaintiff's motion for leave to amend the first amended complaint as to the claim under the Family Medical Leave Act and otherwise **DENY** it; and I recommend that the defendant's motion to dismiss be

**DENIED.** If the court adopts my recommendation, the plaintiff should be directed to filed a revised second amended complaint containing Counts I and III of the first amended complaint and his FMLA claim as set forth in the proposed second amended complaint.