STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-13-28

MM - KEN- 12/5/2013

**STEVEN KEATEN,**
    **Appellant,**

v.

**JOYCE ORESKOVICH, DIRECTOR**
**STATE OF MAINE, DEPARTMENT**
**OF ADMINISTRATIVE AND FINANCIAL**
**SERVICES BUREAU OF HUMAN RESOURCES,**
    **Appellee.**

**ORDER ON APPEAL FROM**
**DISTRICT COURT DISMISSAL**
**OF SMALL CLAIMS ACTION**

Before the Court is Steven Keaten's ("Keaten") appeal of the District Court's order dated June 12, 2013, in which the District Court Judge dismissed Keaten's action seeking to enforce an arbitration award dated December 10, 2010 (the "Arbitration Award") on the grounds of *res judicata*, or in the alternative, for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2005, in accordance with the collective bargaining agreement (the "CBA") between the State of Maine and the Maine State Employees Association SEIU Local 1989 (the "MSEA"), Keaten filed a request to reclassify his position with the Maine Department of Health and Human Services (the "Department" or the "Employer") from Health Care Financial Analyst to Senior Health Care Financial Analyst. After his request was denied, the MSEA requested arbitration of the dispute. Following a hearing, on December 10, 2010, the arbitrator determined that reclassification was warranted and ordered the reclassification of Keaten's position

1

retroactive to October 6, 2005. The arbitrator further ordered that Keaten "shall otherwise be made whole." (Arbitration Award, p. 13.)

Because the reclassification required legislative funding, the reclassification back pay was not implemented until the funding was approved on April 14, 2012. *Keaten v. Maine State Civil Appeals Board*, No. 12-AP-052, at 2 (Me. Super. Ct., Ken. Cty., Apr. 19. 2013) (Nivison, J.). Keaten, however, resigned from his position on December 30, 2011. From the date of the Arbitration Award to the date of his resignation, Keaten remained a Senior Health Care Financial Analyst. After the legislature approved funding for the reclassification, the State issued a check to Keaten in the amount of back pay and interest. *Id.* Prior to his resignation, Petitioner requested certain disability benefits[1] and that his back pay and interest be deposited into his deferred compensation account, but the Bureau of Human Services denied Keaten's requests and informed him that under federal law, the State could not defer his back pay award. *Id.*

In August 2012, Keaten filed a Statement of Claim with the District Court (Small Claims), *Keaten v. Oreskovich*, No. SC-2012-571, seeking monetary damages with respect to the Arbitration Award and an injunction ordering the State of Maine to allow for a deferred compensation deduction. On October 2, 2012, following an unopposed motion to dismiss, the Court dismissed his August 13, 2012 Notice of Claim on the ground that the District Court lacked jurisdiction over the matter.

On November 19, 2012, MSEA filed with the same arbitrator a motion for clarification of remedy alleging that subsequent to the Arbitration Award, the Employer had refused to fully implement the Arbitration Award by denying Keaten the opportunity to participate in an income protection/short-term disability plan or to place any portion of the back pay award in a deferred

---

[1] After being reclassified as a "confidential employee," Keaten argues he was entitled to payment of

2

compensation account. On January 10, 2013, the arbitrator dismissed MSEA's motion without prejudice because pursuant to 14 M.R.S. § 5935, the arbitrator did not have jurisdiction to clarify the Arbitration Award beyond 20 days after delivery of the Arbitration Award to the applicant.

In May 2013, Keaten filed another Statement of Claim with the District Court (Small Claims), *Keaten v. Oreskovich*, No. SC-2013-273, again seeking monetary damages with respect to the Arbitration Award[2] and an injunction ordering the State of Maine to allow for a deferred compensation deduction. On June 12, 2013, the District Court dismissed Keaten's action. The District Court held that Keaten's action was barred by *res judicata* because the same cause of action was dismissed by the District Court on October 2, 2012 in *Keaten v. Oreskovich*, No. SC 2012-571. The District Court further held that it lacked jurisdiction to enforce provisions of the Arbitration Award. The appeal from the District Court's June 12, 2013 order is before this Court.

## STANDARD OF REVIEW

Pursuant to M.R.S.C.P. 11(a), an aggrieved party may appeal from a judgment of the District Court in a small claims action to the Superior Court in the county in which the division of the District Court entering judgment is located. Under M.R.S.C.P. 11(d), an appeal by a plaintiff shall be on questions of law only and shall be determined by the Superior Court without jury on the record on appeal. Any findings of fact of the District Court shall not be set aside unless clearly erroneous. *Johnson v. Johnson*, AP-00-024, 2001 WL 1671605, at *1 (Me. Super. Mar. 19, 2001) (citing M. R. Civ. P. 76D).

A party to arbitration may petition the court to confirm an award. 14 M.R.S. § 5937. The term "court" means the Superior Court or the District Court of this State. 14 M.R.S. § 5943. A summary proceeding such as a motion to confirm arbitrators' award may be commenced by

---

[2] In addition to disability benefits under the income protection plan, Keaten was seeking a refund of interest on his contribution to the MainePERS.

3

motion or petition and may proceed without formal pleadings. *Cutler Associates, Inc. v. Merrill Trust Co.*, 395 A.2d 453, 455 (Me. 1978). Unlike applications seeking to vacate, modify, or correct an arbitration award—which must be made within 90 days after delivery of a copy of the award to the applicant—petitions to confirm are not subject to time restrictions. 14 M.R.S. § 5937. *See also Maine Sch. Admin. Dist. No. 5 v. M. S. A. D. No. 5 Teachers Ass'n*, 324 A.2d 308, 314 (Me. 1974) (allowing a motion for confirmation after the time to vacate, modify, or correct the arbitration award had lapsed).

In actions seeking to confirm an arbitration award, the District Court has power to grant monetary and equitable relief, but equitable relief is limited to orders to return, reform, refund, repair or rescind. 14 M.R.S. § 7481. There can be no removal of a small claims action to the Superior Court. *Ela v. Pelletier*, 495 A.2d 1225, 1227 (Me. 1985).

## DISCUSSION

This Court is of the opinion that the District Court lacked jurisdiction over Keaten's May 2013 Small Claims action. While Keaton suggests that he was asking the District Court to enforce an arbitration award, he was asking for relief beyond the power of the District Court to provide, as the District Court itself found. For that reason this Court affirms the District Court's June 12, 2013 order granting Defendants' motion to dismiss.

The District Court's power to grant equitable relief is limited to orders to return, reform, refund, repair, or rescind. 14 M.R.S. § 7481. But the injunctive relief sought by Keaten's Statements of Claim filed with the District Court—an injunction ordering the State of Maine to allow for a deferred compensation deduction—is beyond this limited equitable power vested in the District Court by this statute. The Superior Court, the court of much broader equitable powers, is the proper forum for a petition to confirm and enforce an arbitration award that

4

includes a request for the type of injunction Keaten sought in his District Court actions. *Bar Harbor Banking & Trust Co. v. Alexander*, 411 A.2d 74, 79 (Me. 1980) ("The broad statutory grant of equity jurisdiction to the Superior Court is 'full equity jurisdiction, according to the usage and practice of courts of equity, in all other cases where there is not a plain, adequate and complete remedy at law.'") (quoting 14 M.R.S.A. § 6051(13)).

Nevertheless, this Court cannot simply remove Keaten's small claims action from the District Court to the Superior Court. *Ela v. Pelletier*, 495 A.2d 1225, 1227 (Me. 1985). Nor can this Court remand this action back to the Arbitrator for clarifications because in the present matter, this Court is acting in its appellate capacity. To obtain the requested injunctive relief and to reduce the Arbitration Award to a judgment, the MSEA, a party to the original arbitration, may make an application with the Superior Court to confirm the Arbitration Award pursuant to 14 M.R.S. § 5937.[3]

**The entry will be:**

**The decision of the District Court dated June 12, 2013 is AFFIRMED.**

_____12/5/13_____          _____
DATE                            SUPERIOR COURT JUSTICE

---

[3] In general, an individual employee lacks standing to enforce an arbitration award. *Plumley v. S. Container, Inc.*, 125 F. Supp. 2d 556, 559 (D. Me. 2000) (citing *Cleveland v. Porca Co.*, 38 F.3d 289, 296 & n. 5 (7th Cir.1994)). However, an individual employee may bring such a claim on his/her own if s/he also alleges and proves that the union, which was a party to the original arbitration, breached its duty of fair representation in connection with the substance of the employee's claim. *Id.* (citing *Cleveland*, 38 F.3d at 297). *See generally Sarnelli v. Amalgamated Meat Cutters & Butcher Workmen of N. Am.*, 457 F.2d 807, 808 (1st Cir. 1972).

| Date Filed | 7/10/13 | <u>Kennebec</u> County | Docket No. AP-13-28 | F |

Action: <u>Small Claims</u>

**J. Murphy** ~~J. Nivison~~

Steven R. Keaten       vs.      Joyce Oreskovich, Director, Dept of Administrative & Financial Services

---

Plaintiff's Attorney

Steven Keaten, Pro Se
PO Box 6234
China Village, ME 04926

Defendant's Attorney

Susan Herman, AAG
6 State House Station
Augusta, ME 04333-0006

---

Date of Entry

---

| | |
|---|---|
| 7/15/13 | Entire file received from Augusta D.C. (SC-13-273), 7/10/13. |
| 7/15/13 | Notice to Parties, Small Claims Appeal, sent to Petitioner and AAG Herman |
| 7/15/13 | Notice and Briefing Schedule issued. Copy to Petitioner and AAG Herman |
| 7/18/13 | Brief of Defendant Joyce Oreskovich on Appeal from Small Claims Court and Opposition to Motion to Transfer Case to Superior Court, filed 7/18/13. s/Herman, AAG |
| 7/31/13 | Plaintiff's Response To Defendant's Brief on Plaintiff's Appeal of District Courts (Small Claims) Decision on Defendant's Motion to Dismiss and Plaintiff's Motion to Transfer Case Jurisdiction to Superior Court, filed 7/30/13. s/Keaten, Pro Se |
| 9/21/13 | Oral argument scheduled for 10/9/13 at 2:00 p.m. Motion/Oral Argument List and Notice of Hearing to Petitioner and AAG Herman. |
| 10/9/13 | Oral argument held. J. Murphy presiding. Stephen Keaten and Susan Herman, AAG appeared. Tape 1768, Index 1250-2140 Under advisement. |
| 12/5/13 | ORDER ON APPEAL FROM DISTRICT COURT DISMISSAL OF SMALL CLAIMS ACTION, Murphy, J. The decision of the District Court dated June 12, 2013 is AFFIRMED. Copy to Petitioner and AAG Herman. Copy to repositories. |
| 12/5/13 | File returned to Augusta D.C. |