ENTERED AUG 2 2 2014    *appeal*

STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-12-175

MMM - KEN 07-22-14

PATRICIA GALOUCH,

    Petitioner,

v.

**ORDER ON MOTION FOR
SUMMARY JUDGMENT**

STATE OF MAINE, DEPARTMENT OF
PROFESSIONAL AND FINANCIAL
REGULATION,

    Respondent

Before the Court is Defendant's Motion for Summary Judgment with respect to Patricia

Galouch's ("Galouch") Complaint alleging violations of the Maine Human Rights Act, 5

M.R.S.A. §§ 4551-4633 and the Maine Whistleblowers' Protection Act ("WPA"), 26 M.R.S.A. §

831 *et seq*. Defendant, the State of Maine Department of Professional & Financial Regulation

(the "State"), pursuant to M.R. Civ. P. 56 is seeking judgment as a matter of law on the grounds

that the evidence is insufficient to establish a *prima facie* case under the WPA, and that Galouch

has failed to point to enough admissible evidence to create a factual issue for trial on the question

of pretext.

**STATEMENT OF FACTS**

On May 15, 2013, the State moved for summary judgment seeking judgment as a matter

of law on the ground that the arbitrator's findings were sufficient to establish that the State

1

terminated Galouch's employment for legitimate, non-retaliatory reasons.[1] By the time the State moved for summary judgment, no discovery had taken place on the issue of pretext. Therefore, for this and other reasons the Court concluded in its December 17, 2013 Order that Defendant's motion for summary judgment was premature. The parties then engaged in discovery which is now complete, and the State has moved for summary judgment anew.

## STANDARD OF REVIEW

Summary judgment is appropriate when the Court's review of the parties' statements of material fact and cited record evidence indicates that there are no genuine issues of disputed material fact, and that the moving party is entitled to judgment as a matter of law. *See Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821 (citation omitted). Courts consider such evidence in the light most favorable to the non-moving party. *See Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A.2d 733. A fact is material if it has the potential to impact the outcome of the case. *See Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778 (citation omitted). An issue of fact is genuine when "sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Id.*

At the summary judgment stage, evaluation of employment discrimination claims made pursuant to the Maine Human Right Act[2] involves a three-step, burden-shifting analysis. *Daniels v. Narraguagus Bay Health Care Facility*, 2012 ME 80, ¶¶ 14-15, 45 A.3d 722 (citing *Cookson v. Brewer School Dep't*, 2009 ME 57, ¶ 14, 974 A.2d 276; *Whitney v. Wal–Mart Stores, Inc.*,

---

[1] The factual background is set forth in detail in this Court's December 17, 2013 Order.

[2] In *Levitt v. Sonardyne, Inc.*, Judge Woodcock of the U.S. District Court for the District of Maine clarified that a claim for whistleblower discrimination technically "arises under the [MHRA][,]" *see* 5 M.R.S.A. §§ 4572(1)(A), 4621, which "'provides a right of action to . . . whistleblowers who have suffered retaliatory discharge.'" No. 2:12-cv-000320JAW, 2013 U.S. Dist. LEXIS 5658, at *25 n.1 (D. Me. Jan. 15, 2013) (quoting *Costain v. Sunbury Primary Care, P.A.*, 2008 ME 142, ¶ 6, 954 A.2d 1051).

2

2006 ME 37, ¶ 9, 895 A.2d 309). First, an employee must establish a *prima facie* case of discrimination. *Id.* Specifically, the employee must show: (1) that she engaged in activity protected by the WPA, (2) that she experienced an adverse employment action, and (3) that a causal connection existed between the protected activity and the adverse employment action. *Blake v. State*, 2005 ME 32, ¶ 6, 868 A.2d 234, 237 (citation omitted). Once the plaintiff has established a presumption of discrimination, the burden of production, but not of persuasion, "shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Doyle v. Dep't Of Human Servs.*, 2003 ME 61, ¶ 15, 824 A.2d 48, 54 (quoting *Gillen v. Fallon Ambulance Serv., Inc.*, 283 F.3d 11, 30 (1st Cir. 2002)). "After the defendant has articulated a nondiscriminatory reason, the burden shifts back to the plaintiff to demonstrate that the nondiscriminatory reason is pretextual or irrelevant and that the unlawful discrimination brought about the adverse employment action." *Id.*

## DISCUSSION

First, the State argues that Galouch failed to establish a *prima facie* case for discrimination because: 1) she did not engage in protected activity under WPA; and 2) she failed to establish a causal connection between her alleged protected activity and her termination. The State's argument that Galouch did not engage in protected activity under WPA is based on the premise that WPA requires Galouch to have reasonably perceived the reported activity to be a violation of the law.

*Claim of Protected Activity*

The relevant portion of the WPA defines protected activity as follows:

The employee, acting in good faith, or a person acting on behalf of the employee, reports orally or in writing to the employer or a public body what the employee has reasonable cause to believe is a violation of a law or rule adopted under the laws of this State, a political subdivision of this State or the United States.

3

In its February 15, 2012 Order denying the State's motion to dismiss, this Court noted that the Law Court has not directly held that a contract violation could never, as a matter of law, constitute an illegal or dangerous activity under WPA. In *Bard v. BIW*, 590 A.2d 152 (Me. 1991) an employee who was an inspector in the quality assurance program at BIW argued at a non-jury trial that he feared that flaws in BIW's quality assurance programs were contrary to provisions in BIW's contracts with the Navy. The trial court at the close of the employee's case ruled under M.R. Civ. P. 50(d) that the employee failed as a matter of law to establish that he believed that BIW was acting any way illegally. The Court stated that the employee failed to introduce any evidence that the alleged contract violation was also a violation of a federal law or regulations. *Id.* at 154. He also introduced "no evidence to show that he even *subjectively* believed that BIW had violated a law or rule as opposed to a mere contract provision." (emphasis added). *Id.* at 154. Finally, the Court noted that the WPA also requires a plaintiff to produce evidence that "a reasonable person might have believed that the employer was acting illegally." *Id.* at 155.

In *Galouch v. State of Maine*, CV-12-175, at 10 (Me. Sup. Ct. Feb. 15, 2013) this Court essentially concluded that the State's position in the motion to dismiss relied too heavily on the result in *Bard,* which this Court did not interpret as ruling out as a matter of law the possibility that reporting a contract violation could ever, depending on the circumstances, qualify as protected activity. The Court also held that while the complained-of conduct need not actually be illegal, Galouch had the burden to produce some evidence that a reasonable person might have believed that it was. *Id.* at 8 (citing *Tripp v. Cole*, 425 F.3d 5, 9 (1st Cir. 2005)).

The Court would emphasize that by denying the State's motion to dismiss, this Court gave Galouch the opportunity to develop and present some evidence that the alleged contract violation amounted to a violation of law or regulation, or why it was reasonable for Galouch to

4

consider the conduct to be a violation of law. *See generally Gammon v. Crisis & Counseling Centers, Inc.*, 762 F. Supp. 2d 165, 184 (D. Me. 2011) (explaining that in cases where the complained-of conduct is not unjust on its face, plaintiff has the burden to explain how the law applied to the conduct or why it was reasonable to consider the conduct a violation of law). The Court now concludes, after giving Plaintiff this opportunity to develop this evidence, that she failed to establish any such evidence.

The complained-of conduct, an alleged breach or violation by a court reporter of her contract with the State, is not necessarily illegal on its face.[3] *Cf. Currie v. Indus. Sec., Inc.*, 2007 ME 12, ¶¶ 2, 20, 28, 915 A.2d at 402, 406, 407 (reporting employment of workers believed to be unauthorized to work in the United States); *Gammon*, 762 F. Supp. 2d at 184 (reporting that clients were billed for services that had never been provided); *Blake v. State*, 2005 ME 32, ¶ 6, 868 A.2d 234, 237 (reporting co-worker's improper commingling of funds).

The only law or regulation alleged by Plaintiff to have been violated is Chapter 110[4] of the Rules For The Purchase Of Services and Awards, which outlines the procedures to be used in the purchase of services and the awarding of grants and contracts pursuant to 5 M.R.S.A. 1825-C. (S.M.F. ¶ 2.) In cases where the complained-of conduct is not manifestly illegal, the First

---

[3] In fact, at her deposition, Galouch admitted that for Sheila Glusker to use a subcontractor she had to go directly to Rachel Hendsbee, the State's contract administrator, and obtain her permission. (Clifford Decl. Ex. 3. 49:17-50:3; 53:9-19.) Galouch further testified that Rachel Hendsbee indeed had the authority to allow the use of subcontractors, while Galouch herself did not. (Clifford Decl. Ex. 3 49:17-50:3; 51:8-14.) Thus, Galouch's belief that the State's conduct was in violation of State law is inconsistent with her own belief that the State had the power to authorize the use subcontractors.

[4] At her deposition, in response to the question "do you have any laws in mind that you believe [the complained-of conduct] violated", Galouch stated: "I do know that the Legislature has statutes, et cetera. I do follow Chapter 110. No, I can't recite to you laws as a layperson, but that's why I retained an attorney to assist me with that." (Clifford Decl. Ex. 3 48:1-6.)

Circuit[5] in *Tripp v. Cole*, looked at whether the law alleged to have been violated could reasonably be interpreted to apply to the complained-of conduct. 425 F.3d at 10. Plaintiff has not even really attempted to explain how Chapter 110 makes an alleged violation of a court reporter's contract, by the court reporter, into illegal conduct by the employer.

Even more fundamentally, assuming for the sake of argument that Plaintiff subjectively believed the practices at issue were illegal, she has not presented the kind of evidence from which a fact-finder could draw a reasonable inference that it was reasonable for her to believe that unlawful activity was taken by the employer. For the foregoing reasons alone, the State is entitled to summary judgment.

*Claim of Pretext*

Even if the Court were to find that Galouch raised a triable issue of material fact on the question of whether she engaged in protected activity under WPA, the State's motion for summary judgment would nevertheless be granted because she has failed to show that the State's legitimate, non-retaliatory reasons for terminating her employment were merely pretextual.[6]

Once an employer has articulated a legitimate, nondiscriminatory explanation for the employment decision, an employee can survive a motion for summary judgment by presenting sufficient evidence from which a jury could reasonably conclude that either (1) the circumstances underlying the employer's articulated reason are untrue, or (2) even if true, those

---

[5] The WPA analysis is guided by federal case law construing analogous statutes. *See Maine Human Rights Comm'n v. City of Auburn*, 408 A.2d 1253, 1261 (Me. 1979) (As we have previously held, the Maine legislature by adopting provisions that generally track the federal antidiscrimination statutes intended the courts to look to the federal case law to "provide significant guidance in the construction of our statute.") (quotations omitted).

[6] For the purposes of this summary judgment motion, Galouch conceded that the State had legitimate, non-retaliatory reasons for her termination. Thus, having established legitimate, non-retaliatory reasons for Galouch's termination, the State shifted the burden onto Galouch to establish that these reasons were merely a pretext.

circumstances were not the actual cause of the employment decision. *Cookson v. Brewer Sch. Dep't*, 2009 ME 57, ¶ 16, 974 A.2d 276, 282 (citing *Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶ 23, 864 A.2d 169, 177). Although trial courts should exercise caution in resolving issues of pretext on summary judgment in employment discrimination cases, "the presence of the issue of motivation or intent does not relieve the plaintiff of her or his burden of producing evidence sufficient to create a question of fact on that issue." *Id.* at ¶ 17 (quoting *Stanley,* 2004 ME 157, ¶ 25, 864 A.2d at 178). The employee needs to assert sufficient facts, supported in the summary judgment record, from which a reasonable fact-finder *could* disbelieve the employer's proffered rationale and conclude that illegal discrimination was the true motivating factor. *Id.* at ¶ 23 (citations omitted).

Here, Galouch does not claim that the State's articulated reasons are untrue, instead she argues that the circumstances underlying the State's articulated reasons were not the actual cause of the decision to terminate her employment. In support of this argument, Galouch makes the following assertions. First, without citing to any evidence in the record, merely on the basis of her complaint, Galouch alleges that her reports of violations "angered supervisors," complaints to the supervisors were the motivating factor for her suspension, and that there is a causal connection between Galouch's protected activity and adverse employment action. [7] (Pl.'s Opp'n to Def.'s Mot. Summ. J. 10.) But an employee's assertion of discriminatory animus on the part of an employer will not survive summary judgment if she or he relies on mere "conclusory

---

[7] Galouch also claims that upon learning of Galouch's complaints, Superintendent Mila Kofman stated that Galouch could no longer work at BOI. In making this claim, Galouch's reliance on Eric Cioppa's deposition transcript is misplaced because although Cioppa confirmed that Ms. Kofman had made a statement to that effect sometime prior to Galouch's being placed on administrative leave, he could not recall the exact timing making it impossible for a fact-finder to infer a causal link. (Clifford Decl. Ex. 1 75:2-76:16.)

7

allegations, improbable inferences, and unsupported speculation." *Id.* at ¶ 22 (quoting *Feliciano de la Cruz v. El Conquistador Resort & Country Club,* 218 F.3d 1, 5 (1st Cir.2000)).

Second, Galouch argues that the arbitrator's finding that the State terminated Galouch without "just cause" evidences the State's discriminatory animus. However, the arbitrator's finding of no "just cause" was based purely on the State's failure to follow progressive discipline.[8] In fact, the arbitrator's findings with respect to Galouch's inadequate performance are more relevant on the issue of whether the State's decision was motivated by discriminatory or legitimate reasons. Moreover, an arbitrator's finding of no just cause alone is insufficient to establish pretext for discrimination. *Pearson v. Massachusetts Bay Transp. Auth.,* 723 F.3d 36, 41 (1st Cir. 2013) Also, according to Galouch, the fact that the State failed to follow progressive discipline measures allows an inference that she was treated differently from her colleagues and that she was subjected to much harsher discipline for her complaints. However, she does not cite to any record evidence to support her claim that she was disciplined "much harsher" than her colleagues. *Cf. id.* (where an African-American plaintiff produced evidence that a white employee escaped discipline for the same misconduct plaintiff was disciplined for).

Third, as further evidence of pretext, Galouch refers this Court's attention to her 2007-09 performance evaluations, which state that she "met expectations." According to Galouch, these evaluations evidence that the State's claims of her poor performance are inaccurate. But her 2007-08 performance evaluations were revised pursuant to the March 2009 settlement agreement and the 2009 performance evaluation only covered the period from January 6, 2009 to March 15, 2009. (S.M.F. ¶ 15.)

---

[8] Notably, in reaching her conclusion that the State failed to follow progressive discipline, the arbitrator considered the fact that the March 2009 settlement agreement between Galouch and the State wiped Galouch's record clean and precluded the State from relying on earlier performance issues. (Armstrong Aff. Ex. 1.)

Finally, Galouch asserts that the State's decision to place Galouch on administrative leave constituted "adverse employment action" and therefore, is evidence of the State's discriminatory animus. In *Testa v. Town of Madison*, the District Court held that a "suspension with pay pending an administrative investigation, or 'administrative leave,' is generally regarded not to be an adverse employment action." 2005 WL 2365319 (D. Me. Sept. 26, 2005) (citing *Singletary v. Mo. Dep't of Corr.*, 423 F.3d 886, 891-92 (8th Cir. 2005)) (collecting opinions of the Fourth, Fifth and Sixth Circuits and agreeing with their holdings that paid administrative leave pending investigation is not itself an adverse employment action).

In sum, the evidence presented by Galouch does not get across the line to showing "*minimally sufficient* evidence" of pretext or discriminatory animus. *Pearson v. Massachusetts Bay Transp. Auth.*, 723 F.3d 36, 41 (1st Cir. 2013) ("[M]ere questions regarding the employer's business judgment are insufficient to raise a triable issue as to pretext.") (quotations omitted).

The entry will be:

Defendant's Motion for Summary Judgment is GRANTED.

_____       _____
**DATE**                                  **SUPERIOR COURT JUSTICE**

PATRICIA GALOUCH  - PLAINTIFF

Attorney for: PATRICIA GALOUCH
JAMES A CLIFFORD  - RETAINED
CL    )RD & CLIFFORD LLC
62 PORTLAND RD SUITE 37
KENNEBUNK ME 04043


vs
STATE OF MAINE DEPARTMENT OF PROFESSIONAL - DEFENDANT
35 STATE HOUSE STATION
AUGUSTA ME 04333-0035
Attorney for: STATE OF MAINE DEPARTMENT OF PROFESSIONAL
KELLY L TURNER  - RETAINED
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

MILA KOFMAN (DISMISSED)  - DEFENDANT
GEORGETOWN UNIVERSITY, 2233 WISCONSIN AVE NW, STE 525
WASHINGTON DC 20007
Attorney for: MILA KOFMAN (DISMISSED)
KELLY L TURNER  - RETAINED
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

ANNE HEAD (DISMISSED)  - DEFENDANT
DPFR, 35 STATE HOUSE STATION
AU    'A ME 04333-0035
Attorney for: ANNE HEAD (DISMISSED)
KELLY L TURNER  - RETAINED
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2012-00175

**DOCKET RECORD**

Filing Document: COMPLAINT          Minor Case Type: CONSTITUTIONAL/CIVIL RIGHTS
Filing Date: 05/29/2012

## Docket Events:
05/30/2012 FILING DOCUMENT - COMPLAINT FILED ON 05/29/2012
        Plaintiff's Attorney:  JAMES A CLIFFORD

05/30/2012 Party(s):  PATRICIA GALOUCH
        ATTORNEY - RETAINED ENTERED ON 05/29/2012
        Plaintiff's Attorney: JAMES A CLIFFORD

05/30/2012 Party(s):  PATRICIA GALOUCH
        OTHER FILING - ENTRY OF APPEARANCE FILED ON 05/29/2012
        Plaintiff's Attorney:  JAMES A CLIFFORD

06/28/2012 Party(s):  PATRICIA GALOUCH
        SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 06/21/2012
        Plaintiff's Attorney:  JAMES A CLIFFORD

07    2012 Party(s):   STATE OF MAINE DEPARTMENT OF PROFESSIONAL
          MOTION - MOTION TO DISMISS FILED ON 07/06/2012
          Defendant's Attorney: KELLY L TURNER
          WITH MEMORANDUM OF LAW, ATTACHED EXHIBITS AND PROPOSED ORDER
                                                   7/6/2012-AMENDED MOTION TO
          DISMISS FILED

08/02/2012 Party(s):   PATRICIA GALOUCH
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 07/27/2012
          Plaintiff's Attorney:  JAMES A CLIFFORD
          TO FILE RESPONSE TO STATE'S AMENDED MOTION TO DISISS.

08/02/2012 Party(s):   PATRICIA GALOUCH
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 08/02/2012
          M MICHAELA MURPHY , JUSTICE
          COPIES TO PARTIES/COUNSEL

08/02/2012 Party(s):   STATE OF MAINE DEPARTMENT OF PROFESSIONAL
          ATTORNEY - RETAINED ENTERED ON 07/06/2012
          Defendant's Attorney: KELLY L TURNER

08/02/2012 Party(s):   MILA KOFMAN (DISMISSED)
          ATTORNEY - RETAINED ENTERED ON 07/06/2012
          Defendant's Attorney: KELLY L TURNER

08/02/2012 Party(s):   ANNE HEAD (DISMISSED)
          ATTORNEY - RETAINED ENTERED ON 07/06/2012
          Defendant's Attorney: KELLY L TURNER

08/10/2012 Party(s):   STATE OF MAINE DEPARTMENT OF PROFESSIONAL
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 08/07/2012
          Defendant's Attorney: KELLY L TURNER
          FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND PROPOSED
          ORDER

08/15/2012 Party(s):   PATRICIA GALOUCH
          OTHER FILING - OPPOSING MEMORANDUM FILED ON 08/15/2012
          Plaintiff's Attorney:  JAMES A CLIFFORD
          TO DEFENDANT'S MOTION TO DISMISS

08/17/2012 Party(s):   STATE OF MAINE DEPARTMENT OF PROFESSIONAL
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 08/17/2012
          M MICHAELA MURPHY , JUSTICE
          COPIES TO PARTIES/COUNSEL                                    DEFENDANT'S
          REPLY MEMORANDUM IN SUPPPORT OF ITS MOTION TO DISMISS IS DUE ON OR BEFORE AUGUST 27, 2012

08/31/2012 Party(s):   STATE OF MAINE DEPARTMENT OF PROFESSIONAL,MILA KOFMAN (DISMISSED),ANNE HEAD
                    (DISMISSED)
          OTHER FILING - REPLY MEMORANDUM FILED ON 08/27/2012
          Defendant's Attorney: KELLY L TURNER
          IN SUPPORT OF ITS AMENDED MOTION TO DISMISS

11/14/2012 HEARING - MOTION TO DISMISS SCHEDULED FOR 11/28/2012 at 10:45 a.m. in Room No. 2
        M MICHAELA MURPHY , JUSTICE


11/14/2012 HEARING - MOTION TO DISMISS NOTICE SENT ON 11/14/2012


11/14/2012 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 11/14/2012
        M MICHAELA MURPHY , JUSTICE


11/21/2012 Party(s): PATRICIA GALOUCH
        MOTION - MOTION TO CONTINUE FILED ON 11/21/2012
        Plaintiff's Attorney: JAMES A CLIFFORD
        MOTION HEARING


11/21/2012 Party(s): PATRICIA GALOUCH
        MOTION - MOTION TO CONTINUE GRANTED ON 11/21/2012
        M MICHAELA MURPHY , JUSTICE
        RE-SCHEDULED FOR LATER IN DECEMBER. UNDERSIGNED NOT IN KENNEBEC ON 12/11/12.
                                          COPY TO ATTY CLIFFORD AND AAG
        TURNER


11/21/2012 HEARING - MOTION TO DISMISS NOT HELD ON 11/21/2012
        MOTION TO CONTINUE GRANTED


12/21/2012 HEARING - MOTION TO DISMISS SCHEDULED FOR 01/09/2013 at 09:30 a.m. in Room No. 2
        M MICHAELA MURPHY , JUSTICE


12/21/2012 HEARING - MOTION TO DISMISS NOTICE SENT ON 12/21/2012
        LIST SENT TO ATTY CLIFFORD AND AAG TURNER


01/09/2013 HEARING - MOTION TO DISMISS HELD ON 01/09/2013
        M MICHAELA MURPHY , JUSTICE
        Defendant's Attorney: KELLY L TURNER
        Plaintiff's Attorney: JAMES A CLIFFORD
        TAPE 1644, INDEX 5753-7162 AND TAPE 1645, INDEX 72-155
                                          UNDER ADVISEMENT


02/20/2013 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
        MOTION - MOTION TO DISMISS DENIED ON 02/15/2013
        M MICHAELA MURPHY , JUSTICE
        COPY TO ATTY CLIFFORD, AAG TURNER


03/05/2013 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
        RESPONSIVE PLEADING - ANSWER TO AMENDED PLEADING FILED ON 03/04/2013
        Defendant's Attorney: KELLY L TURNER
        DEFT'S ANSWER TO AMENDED COMPLAINT


04/18/2013 Party(s): PATRICIA GALOUCH
        LETTER - FROM PARTY FILED ON 04/17/2013
        Plaintiff's Attorney: JAMES A CLIFFORD
        REGARDING SCHEDULING ORDER AND AMENDED COMPLAINT


04/23/2013 ORDER - SCHEDULING ORDER ENTERED ON 04/23/2013
        M MICHAELA MURPHY , JUSTICE

ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
PARTIES/COUNSEL

04/23/2013 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 12/23/2013

05/15/2013 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
MOTION - MOTION SUMMARY JUDGMENT FILED WITH AFFIDAVIT ON 05/15/2013
Defendant's Attorney: KELLY L TURNER
WITH MEMORANDUM OF LAW STATEMENT OF MATERIAL FACTS AFFIDAVIT OF JULIE     ARMSTRONG AND
PROPOSED ORDER

06/06/2013 Party(s): PATRICIA GALOUCH
OTHER FILING - AFFIDAVIT FILED ON 06/05/2013
Plaintiff's Attorney: JAMES A CLIFFORD
OF PATRICIA GALOUCH

06/06/2013 Party(s): PATRICIA GALOUCH
OTHER FILING - OPPOSING MEMORANDUM FILED ON 06/06/2013
Plaintiff's Attorney: JAMES A CLIFFORD
PLTF'S OPPOSING STATEMENT OF MATERIAL FACTS AND STATEMENT OF ADDITIONAL MATERIAL FACTS,
PLTF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFT'S MOTION SJ

06/13/2013 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
OTHER FILING - REPLY MEMORANDUM FILED ON 06/12/2013
Defendant's Attorney: KELLY L TURNER
DEFT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SJ, REPLY STATEMENT OF MATERIAL FACTS

06    2013 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 07/15/2013 at 11:30 a.m.  in Room No.  2
M MICHAELA MURPHY , JUSTICE

06/18/2013 HEARING - MOTION SUMMARY JUDGMENT NOTICE SENT ON 06/18/2013

06/25/2013 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
MOTION - MOTION TO CONTINUE FILED ON 06/24/2013
Defendant's Attorney: KELLY L TURNER
DEFT'S UNOPPOSED MOTION TO CONTINUE (HEARING 7/15/13)

07/03/2013 Party(s): PATRICIA GALOUCH
ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 07/03/2013
Plaintiff's Attorney: JAMES A CLIFFORD
MEDIATION WITH JERROL CROUTER, 7/30/13

07/03/2013 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
MOTION - MOTION TO CONTINUE GRANTED ON 07/02/2013
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                            RESCHEDULED TO
NEXT CIVIL MOTION DAY

07/03/2013 HEARING - MOTION SUMMARY JUDGMENT NOT HELD ON 07/02/2013
MOTION TO CONTINUE GRANTED

08/29/2013 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 08/23/2013

Defendant's Attorney: KELLY L TURNER
DEFT'S UNOPPOSED MOTION FOR ENLARGEMENT TO COMPLETE ADR

08/30/2013 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 08/29/2013
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                             ADR BY 1/23/14.
ALL DEADLINES SET BY SCHEDULING ORDER FOLLOWING THE DISCOVERY DEADLINE ARE EXTENDED BY 30
DAYS.

09/21/2013 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 10/09/2013 at 09:00 a.m.  in Room No.  2
M MICHAELA MURPHY , JUSTICE

09/21/2013 HEARING - MOTION SUMMARY JUDGMENT NOTICE SENT ON 09/21/2013

10/09/2013 HEARING - MOTION SUMMARY JUDGMENT HELD ON 10/09/2013
M MICHAELA MURPHY , JUSTICE
Defendant's Attorney: KELLY L TURNER
Plaintiff's Attorney:  JAMES A CLIFFORD
TAPE 1767, INDEX 3600-4965                                            UNDER
ADVISEMENT

10/09/2013 CASE STATUS - DECISION UNDER ADVISEMENT ON 10/09/2013
M MICHAELA MURPHY , JUSTICE
MOTION SJ

10/17/2013 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 10/16/2013
Defendant's Attorney: KELLY L TURNER
REQUEST FOR PRODUCTION OF DOCUMENTS, ETC, SERVED 10/9.

10/29/2013 HEARING - 26(G) CONFERENCE SCHEDULED FOR 10/31/2013 at 09:00 a.m.
M MICHAELA MURPHY , JUSTICE
NOTICE TO PARTIES/COUNSEL

10/30/2013 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
LETTER - FROM PARTY FILED ON 10/25/2013
Plaintiff's Attorney:  JAMES A CLIFFORD
RESPONSE RE: REQUEST FOR DISCOVERY CONFERENCE

11/03/2013 HEARING - 26(G) CONFERENCE HELD ON 10/31/2013
M MICHAELA MURPHY , JUSTICE
Defendant's Attorney: KELLY L TURNER
Plaintiff's Attorney:  JAMES A CLIFFORD

11/03/2013 ORDER - 26(G) ORDER ENTERED ON 10/31/2013
M MICHAELA MURPHY , JUSTICE
ALL DISCOVERY DEADLINES STAYED UNTIL 11/15/13                         COPIES TO
PARTIES/COUNSEL

12/03/2013 Party(s): PATRICIA GALOUCH
JURY FILING - DEMAND FOR JURY TRIAL FILED ON 11/27/2013
Plaintiff's Attorney:  JAMES A CLIFFORD

12.   2013 Party(s):  STATE OF MAINE DEPARTMENT OF PROFESSIONAL
         MOTION - MOTION SUMMARY JUDGMENT DENIED ON 12/17/2013
         M MICHAELA MURPHY , JUSTICE
         COPIES TO PARTIES/COUNSEL AND REPOSITORIES.                    DEFT'S MOTION
         FOR SUMMARY JUDGMENT IS DENIED WITHOUT PREJUDICE.  AFTER DISCOVERY IS COMPLETE, BOTH
         PARTIES MAY FILE DISPOSITIVE MOTIONS UNDER THE RULES.

12/26/2013 Party(s):  PATRICIA GALOUCH
         LETTER - FROM PARTY FILED ON 12/24/2013
         Plaintiff's Attorney:  JAMES A CLIFFORD
         RE: DISCOVERY DEADLINE, MEDIATION, AND SETTLEMENT CONFERENCE; TO BE DISCUSSED WITH AAG
         MORRELL.

12/31/2013 ORDER - COURT ORDER ENTERED ON 12/29/2013
         M MICHAELA MURPHY , JUSTICE
         (RE: LETTER FILED BY ATTY CLIFFORD 12/24/13)                    COURT WILL
         AWAIT RESPONSE FROM AAG MORRELL AND WILL CONSTRUE THIS LETTER AS MOTION.

01/02/2014 Party(s):  PATRICIA GALOUCH,STATE OF MAINE DEPARTMENT OF PROFESSIONAL
         MOTION - MOTION ALTER/AMEND ORDER/JUDG FILED ON 01/02/2014
         Defendant's Attorney: KELLY L TURNER
         Plaintiff's Attorney:  JAMES A CLIFFORD
         JOINT MOTION TO AMEND SCHEDULING ORDER

01/02/2014 MOTION - MOTION TO WAIVE ADR FILED ON 01/02/2014
         Defendant's Attorney: KELLY L TURNER
         Plaintiff's Attorney:  JAMES A CLIFFORD
         JOINT MOTION

01/07/2014 Party(s):  PATRICIA GALOUCH,STATE OF MAINE DEPARTMENT OF PROFESSIONAL
         MOTION - MOTION ALTER/AMEND ORDER/JUDG GRANTED ON 01/03/2014
         M MICHAELA MURPHY , JUSTICE
         COPIES TO PARTIES/COUNSEL                                       DISCOVERY
         DEADLINE: 3/31/14.  TIME FOR TRIAL: 4/15/14.  WITNESS AND EXHIBIT LISTS: 4/15/14.
         MOTIONS: 4/30/14.                          THE PARTIES ARE EXEMPT FROM ADR.

01/07/2014 MOTION - MOTION TO WAIVE ADR GRANTED ON 01/03/2014
         M MICHAELA MURPHY , JUSTICE

01/07/2014 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 03/31/2014

04/15/2014 Party(s):  STATE OF MAINE DEPARTMENT OF PROFESSIONAL
         OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 04/15/2014
         Defendant's Attorney: KELLY L TURNER
         DEFT'S

04/15/2014 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 04/15/2014
         4 TO 5 DAYS

04/17/2014 Party(s):  PATRICIA GALOUCH
         OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 04/17/2014
         Plaintiff's Attorney:  JAMES A CLIFFORD

PLTF'S

04/17/2014 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 04/17/2014
Plaintiff's Attorney: JAMES A CLIFFORD
5 DAYS

05/01/2014 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
MOTION - MOTION SUMMARY JUDGMENT FILED WITH AFFIDAVIT ON 04/30/2014
Defendant's Attorney: KELLY L TURNER
W/ STATEMENT OF MATERIAL FACTS. AFFIDAVITS OF ERIC CIOPPA, ANNE HEAD, KATHY WEYMOUTH,
THOMAS STURTEVANT JR, JAMES BOWIE, KARMA LOMBARD, CONNIE MAYETTE, JULIE ARMSTRONG, SHEILA
GLUSKER.

05/20/2014 Party(s): PATRICIA GALOUCH
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 05/20/2014
Plaintiff's Attorney: JAMES A CLIFFORD
UNOPPOSED, TO FILE RESPONSE TO MOTION SJ

05/28/2014 Party(s): PATRICIA GALOUCH
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 05/21/2014
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                          OPPOSITION TO
MOTION SJ DUE 6/5, REPLY DUE 6/12.

06/10/2014 Party(s): PATRICIA GALOUCH
OTHER FILING - OPPOSING MEMORANDUM FILED ON 06/06/2014
Plaintiff's Attorney: JAMES A CLIFFORD
MEMORANDUM OF LAW IN OPPOSITION TO DEFT'S 2ND MOTION SJ, OPPOSING SOMF AND STATEMENT OF
ADDITIONAL MATERIAL FACTS, DECLARATION OF JAMES CLIFFORD (W/ ATTACHMENTS)

06/10/2014 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 07/08/2014 at 10:30 a.m.  in Room No.  2
M MICHAELA MURPHY , JUSTICE

06/10/2014 HEARING - MOTION SUMMARY JUDGMENT NOTICE SENT ON 06/10/2014

06/13/2014 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 06/11/2014
Defendant's Attorney: KELLY L TURNER
DEFT'S UNOPPOSED (RE: REPLY IN SUPPORT OF MOTION SJ)

06/18/2014 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
OTHER FILING - REPLY MEMORANDUM FILED ON 06/17/2014
Defendant's Attorney: KELLY L TURNER
DEFT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION SJ, OBJECTIONS TO PLTF'S OPPOSING SOMF

06/20/2014 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 06/19/2014
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                          DEFT'S REPLY IN
SUPPORT OF MOTION SJ DUE BY 6/20.

07/08/2014 HEARING - MOTION SUMMARY JUDGMENT HELD ON 07/08/2014
M MICHAELA MURPHY , JUSTICE

Defendant's Attorney: SUSAN HERMAN
Plaintiff's Attorney: JAMES A CLIFFORD
TAPE 1902, INDEX 1290-3005                          CITES TO BE
FILED BY 7/11/14

07/11/2014 Party(s):  STATE OF MAINE DEPARTMENT OF PROFESSIONAL
           OTHER FILING - OTHER DOCUMENT FILED ON 07/11/2014
           Plaintiff's Attorney:  SUSAN HERMAN
           CITES REQUESTED BY J. MURPHY

07/15/2014 Party(s):  PATRICIA GALOUCH
           OTHER FILING - OTHER DOCUMENT FILED ON 07/14/2014
           Plaintiff's Attorney:  JAMES A CLIFFORD
           CITES REQUESTED BY J. MURPHY

07/22/2014 Party(s):  STATE OF MAINE DEPARTMENT OF PROFESSIONAL
           MOTION - MOTION SUMMARY JUDGMENT GRANTED ON 07/22/2014
           M MICHAELA MURPHY , JUSTICE
           COPIES TO PARTIES/COUNSEL

07/22/2014 FINDING - JUDGMENT DETERMINATION ENTERED ON 07/22/2014
           M MICHAELA MURPHY , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL                                    COPY TO REPOSITORIES

           ORDER - SUMMARY JUDGMENT ENTERED ON 07/22/2014
           M MICHAELA MURPHY , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL
           Judgment entered for STATE OF MAINE DEPARTMENT OF PROFESSIONAL and against PATRICIA GALOUCH.

07/22/2014 FINDING - FINAL JUDGMENT CASE CLOSED ON 07/22/2014

A TRUE COPY
ATTEST: _____
                    Clerk

STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-12-175
MMM-KEN-12/17/2013

PATRICIA GALOUCH,

    Petitioner,

v.

STATE OF MAINE, DEPARTMENT OF
PROFESSIONAL AND FINANCIAL
REGULATION,

    Respondent.

ORDER ON MOTION FOR
SUMMARY JUDGMENT

Before the Court is Defendant's Motion for Summary Judgment with respect to Patricia

Galouch's ("Galouch") Complaint alleging violations of the Maine Human Rights Act, 5

M.R.S.A. §§ 4551-4633 and the Maine Whistleblowers' Protection Act, 26 M.R.S.A. § 831 *et*

*seq*. The Motion for Summary Judgment was filed by Defendant, the State of Maine Department

of Professional & Financial Regulation (the "DPFR" or the "Employer"), pursuant to M.R. Civ.

P. 56. Defendant argues that it is entitled to judgment as a matter of law through the application

of the doctrine of collateral estoppel because the issue of whether the State terminated Galouch's

employment for retaliatory or discriminatory reasons was resolved in prior arbitration between

the parties.

## STATEMENT OF FACTS

Between May 6, 2006 and October 22, 2010, Galouch was employed as an Office

Associate II by the Maine Bureau of Insurance, a State of Maine Agency within the DPFR.

(S.M.F. ¶ 1.) Galouch is a member of the Maine State Employees Association, Local 1989

1

("MSEA"). (S. Add'l M.F. ¶ 2.) Beginning in 2007, MSEA filed a series of grievances on Plaintiff's behalf relating to alleged harassment and retaliation by managers at the DPFR. (S. Add'l M.F. ¶ 2.) On March 10, 2009, Galouch and MSEA representatives reached an agreement with the State wherein Galouch agreed to dismiss or withdraw all past grievances and complaints in order to retain her position; the State agreed to improve her working conditions, wipe clean her record with regard to discipline, and pay Galouch's attorney's fees. (Am. Compl. ¶ 8.)

On two occasions in January 2010, Galouch reported that she believed certain State subcontractors had breached the terms of a court reporting service agreement. (S. Add'l M.F. ¶ 3.) The first report was made to her supervisor and the second report was made to DPFR's Contract administrator. (S. Add'l M.F. ¶ 3.) On January 28, 2010, Plaintiff was placed on administrative leave. (S. Add'l M.F. ¶ 4.) The State terminated Galouch's employment on October 22, 2010. (S. Add'l M.F. ¶ 4.)

On October 29, 2010, Galouch filed a charge with the Maine Human Rights Commission and on June 3, 2011, she obtained a right to sue letter. (S. Add'l M.F. ¶ 5.) On November 19, 2010, on Galouch's behalf, MSEA filed a grievance to challenge Plaintiff's termination. (S. Add'l M.F. ¶ 6.) An arbitration was held over eight days between March 22, 2012 and July 17, 2012. (S.M.F. ¶ 25.) The arbitrator was presented with an issue of whether, under the terms of the collective bargaining agreement between the State and MSEA, the State had "just cause" to terminate Galouch's employment. (S.M.F. ¶ 25.)

During the arbitration, multiple witnesses testified with respect to Galouch's work performance at DPFR and Galouch, who was represented by MSEA and its attorneys, had an opportunity cross-examine the witnesses. (S.M.F. ¶ 26-27.) Following the arbitration, the arbitrator issued an arbitration decision (the "Arbitration Decision") dated November 13, 2012,

2

which made certain findings of fact and conclusions. (S.M.F. ¶ 29.) With respect to Galouch's job performance, the arbitrator's findings of fact included the following: "Galouch's performance problems included not getting along with co-workers and making errors that jeopardized the mission of the Bureau;" "Galouch was unable to maintain accurate docket filings for rate cases, which could have resulted in reversal of the Superintendent's decisions on appeal;" "Galouch also made errors in data entry, which could have led other states to take action against agents based on inaccurate information, creating potential liability issues for the Bureau;" "the job of legal secretary for the Bureau was beyond Galouch's abilities;" "Galouch was disorganized;" "Galouch was messy;" "Galouch was inattentive to details;" "Galouch argued with vendors about their contracts;" "Galouch argued with the Superintendent of the Bureau in public;" "Galouch was careless about how documents were sent out;" *etc.* (S.M.F. ¶¶ 8-23.) Because the State had not followed the principles of progressive discipline, the Arbitrator concluded that Galouch's termination was without just cause, but she upheld the termination on the ground that Galouch had failed to perform her duties as an employee of the Bureau of Insurance even adequately. (Armstrong Aff. Ex. A.)

On May 29, 2012, Galouch filed a complaint in the instant matter alleging violations of the Maine Human Rights Act, 5 M.R.S.A. §§ 4551-4633 and the Maine Whistleblowers' Protection Act, 26 M.R.S.A. § 831 *et seq.* Defendant moved to dismiss the action, but their motion was denied on February 15, 2013 by this Court's order holding that Galouch's complaint set forth sufficient facts to establish that she engaged in a protected activity under the Maine Whistleblowers' Protection Act.

3

## STANDARD OF REVIEW

### *Summary Judgment*

Summary judgment is appropriate when the Court's review of the parties' statements of material fact and cited record evidence indicates that there are no genuine issues of disputed material fact, and that the moving party is entitled to judgment as a matter of law. *See Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821 (citation omitted). Courts consider such evidence in the light most favorable to the non-moving party. *See Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A.2d 733. A fact is material if it has the potential to impact the outcome of the case. *See Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778 (citation omitted). An issue of fact is genuine when "sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Id.*

At the summary judgment stage, evaluation of employment discrimination claims made pursuant to the Maine Human Right Act[1] involves a three-step, burden-shifting analysis. *Daniels v. Narraguagus Bay Health Care Facility*, 2012 ME 80, ¶¶ 14-15, 45 A.3d 722 (citing *Cookson v. Brewer School Dep't*, 2009 ME 57, ¶ 14, 974 A.2d 276); *Whitney v. Wal–Mart Stores, Inc.*, 2006 ME 37, ¶ 9, 895 A.2d 309). First, an employee must establish a *prima facie* case of discrimination. *Id.* The burden then shifts to the employer to produce evidence of a legitimate, nondiscriminatory basis for its action. *Id.* (citing *Doyle v. Dep't of Human Servs.*, 2003 ME 61, ¶ 15, 824 A.2d 48). "If the employer does so, the employee can survive a motion for summary judgment by presenting sufficient evidence from which a fact-finder could determine 'that either

---

[1] In *Levitt v. Sonardyne, Inc.*, Judge Woodcock of the U.S. District Court for the District of Maine clarified that a claim for whistleblower discrimination technically "arises under the [MHRA][,]" *see* 5 M.R.S.A. §§ 4572(1)(A), 4621, which "'provides a right of action to . . . whistleblowers who have suffered retaliatory discharge.'" No. 2:12-cv-000320JAW, 2013 U.S. Dist. LEXIS 5658, at *25 n.1 (D. Me. Jan. 15, 2013) (quoting *Costain v. Sunbury Primary Care, P.A.*, 2008 ME 142, ¶ 6, 954 A.2d 1051).

(1) the circumstances underlying the employer's articulated reason are untrue, or (2) even if true, those circumstances were not the actual cause of the employment decision,'" but merely a pretext. *Id.* (quoting *Cookson*, 2009 ME 57, ¶ 16, 974 A.2d 276).

*Collateral Estoppel*

"Collateral estoppel prevents a party from relitigating factual issues already decided 'if the identical issue necessarily was determined by a prior final judgment, and the party estopped had a fair opportunity' and incentive to litigate the issue in the prior proceeding." *Kurtz & Perry, P.A. v. Emerson*, 2010 ME 107, ¶ 16, 8 A.3d 677 (quoting *Efstathiou v. Efstathiou*, 2009 ME 107, ¶ 7, 982 A.2d 339; *Macomber v. MacQuinn-Tweedie*, 2003 ME 121, ¶ 22, 834 A.2d 131).

The findings made by an arbitration panel, to the extent necessary to its determination, may have preclusive effect for purposes of collateral estoppel. *Id.* ¶ 18. A "valid and final award by arbitration has the same effects under the rules of res judicata ... as a judgment of a court" as long as the process leading to the award contains the essential elements of adjudication. *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 14, 989 A.2d 733 (holding that an arbitration award had preclusive effect under the doctrine of collateral estoppel even though the award was not judicially confirmed). The essential elements of adjudication include:

> (1) adequate notice;
> (2) the right to present evidence and legal argument and to rebut opposing evidence and argument;
> (3) a formulation of issues of law or fact to apply rules to specified parties concerning a specified transaction;
> (4) the rendition of a final decision; and
> (5) any other procedural elements as may be necessary to constitute the proceeding a sufficient means of conclusively determining the matter in question.

*Kurtz & Perry, P.A.*, 2010 ME 107, ¶ 19, 8 A.3d 677.

5

However, when an arbitration decision is issued with respect to a collective bargaining agreement, claim preclusion does not operate to bar the later filing of a statutory discrimination action brought before a court or specialized agency. *See Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 54 (1974); *Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 744-745 (1981); *McDonald v. West Branch,* 466 U.S. 284, 292 & n. 13 (1984). In *Gardner-Denver,* the U.S. Supreme Court explained that when the State Legislature accords a statutory right (like a right accorded by the Maine Human Rights Act, 5 M.R.S.A. §§ 4551-4633 and the Maine Whistleblowers' Protection Act, 26 M.R.S.A. § 831 *et seq.*), that public right is independent from and paramount to the ones guaranteed by a collective bargaining agreement. *Gardner-Denver Co.,* 415 U.S. at 49-54.

## DISCUSSION

The issue as presented requires the Court to first decide if Plaintiff is precluded from re-litigating the issue of whether the DPFR had a legitimate, non-discriminatory basis for Galouch's termination.

The Court agrees with Galouch that when an arbitration decision is issued with respect to a collective bargaining agreement, a union member, like Galouch, is not precluded from *filing* an independent discrimination action with a court or specialized agency simply because the union pursued an employment-related claim as a grievance under that collective bargaining agreement.[2]

---

[2] Unless the collective bargaining agreement at issue "explicitly state[s]" that the parties agree to arbitrate statutory employment discrimination claims, in that case, the right to pursue such claims in a judicial forum would be deemed waived. *See 14 Penn Plaza LLC v. Pyett,* 556 U.S. 247, 129 S.Ct. 1456, 173 L.Ed.2d 398 (2009). *See also Pulkkinen v. Fairpoint Commc'ns, Inc.,* No. 09-CV-99-P-H, 2010 WL 716109, at *4-5 (D. Me. Feb. 23, 2010). No such waiver exists in the case before this Court; Article 45 of the CBA, in relevant part provides as follows:

> The State and MSEA-SEIU agree that any disputes out of the provisions of this Article may be processed through the grievance procedure contained in the Grievance Procedure Article subject to the State's right to have any such grievance considered at the

6

*See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 54 (1974); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 744-745 (1981); *McDonald v. West Branch*, 466 U.S. 284, 292 & n. 13 (1984).

However, this does not mean that the arbitrator's findings must be completely disregarded by the Court in subsequent discrimination litigation. On the contrary, there is a body of law suggesting that factual findings made by an arbitrator after a proper arbitration proceeding may be conclusive in a later-filed civil suit between the same parties (or their privies), including a situation in which the earlier arbitration involved a contractually based wrongful discharge claim and the later lawsuit involved a claim that the employee's discharge violated one or more state civil rights statutes. *Cole v. W. Side Auto Employees Fed. Credit Union*, 229 Mich. App. 639, 647, 583 N.W.2d 226, 230 (1998). *See also Gimas v. Bialy*, 20020099, 2008 WL 650488, at *5 (Mass. Super. Feb. 22, 2008) (holding that the arbitrator's findings were sufficient evidence of the plaintiff's *prima facie* case of discrimination in a later-filed civil suit); *City of Boston v. MCAD*, 39 Mass. App. Ct. 234, 239 (Mass. 1995) ("forum adjudicating a statutory claim of discrimination may receive an arbitration decision in evidence and accord it the weight that seems appropriate"), *overruled on other grounds by Tr. of Health and Hosp. of the City of Boston, Inc. v. MCAD*, 65 Mass. App. Ct. 329 (Mass. 2005). If the arbitration has been conducted fairly and thoroughly by a competent arbitrator, the court or agency hearing the statutory claim may wish to give the arbitration decision rather more weight than if the arbitration has been loose, cursory, and conclusory. *See Gardner-Denver Co.*, 415 U.S. at 60 n.

---

appropriate level or steps by the State's Affirmative Action Officer. *This provision shall not preclude other legal remedies provided by law.*

(Pl.'s Opp'n to Def.'s Mot. Summ. J. 4 (emphasis added).)

21; *City of Boston v. Massachusetts Comm'n Against Discrimination*, 39 Mass. App. Ct. 234, 239 (Mass. 1995). In the latter case, an arbitrator found that the employer had legitimate, non-discriminatory reasons to terminate the plaintiff, an African-American corrections officer who violated multiple regulations and rules. But in a subsequent action filed with the Massachusetts Commission Against Discrimination, the plaintiff was able to show that the reasons were pretextual because white corrections officers who had engaged in similar conduct were not terminated. *Id.* at 237.

Here, because the findings of the arbitrator noted above were made as a result of what appears to be a fair and thorough proceeding (an eight-day judicial-type proceeding) conducted by a competent arbitrator, the Court could be justified in deciding at this stage of the proceedings that the findings should be given considerable weight and preclusive effect on the issue of whether DPFR had legitimate, non-discriminatory reasons to justify her termination.

However, the Court will not do so at this time. The Court cannot, as a matter of law, ignore the third-step of the *Daniels* burden-shifting analysis. DPFR is asking the Court to grant full summary judgment in its favor. The third step of the *Daniels* analysis – the issue of pretext – was not even addressed in arbitration, and no discovery has yet been conducted. The Court concludes that Galouch is entitled to an opportunity to generate evidence through discovery on the issue of pretext. *Daniels*, 2012 ME 80, ¶ 15, 45 A.3d 722. As noted at the time of oral argument, the Court would expect that evidence developed in discovery on the second and third steps of the *Daniels* analysis would tend to overlap significantly. Whether the evidence generated in discovery creates an issue or issues of material fact on the issue of whether DPFR had legitimate, nondiscriminatory reasons for termination can be decided at a later stage of these

proceedings. The Court also specifically reserves ruling on whether and to what extent the arbitrator's findings of fact will be given preclusive effect on that issue.

Discrimination claims in general are often quite difficult to assess at the summary judgment stage and particularly, "the issue of whether an employee has generated an issue of fact regarding an employer's motivation or intent is one heavily dependent on the individual facts before the court." *Id.* (quoting *Cookson*, 2009 ME 57, ¶ 12, 974 A.2d 276).

## CONCLUSION

The Court concludes that Defendant's Motion for Summary Judgment is premature.

**The entry will be:**

**Defendant's Motion for Summary Judgment is DENIED without prejudice. After discovery is complete, both parties may file dispositive motions under the Rules.**

| 12/17/13 | _Michel_ |
|---|---|
| **DATE** | **SUPERIOR COURT JUSTICE** |

9

PATRICIA GALOUCH - PLAINTIFF

Attorney for: PATRICIA GALOUCH
JAMES A CLIFFORD - RETAINED
CLIFFORD & CLIFFORD LLC
62 PORTLAND RD SUITE 37
KENNEBUNK ME 04043

vs
STATE OF MAINE DEPARTMENT OF PROFESSIONAL - DEFENDANT
35 STATE HOUSE STATION
AUGUSTA ME 04333-0035
Attorney for: STATE OF MAINE DEPARTMENT OF PROFESSIONAL
KELLY L TURNER - RETAINED
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

MILA KOFMAN (DISMISSED) - DEFENDANT
GEORGETOWN UNIVERSITY, 2233 WISCONSIN AVE NW, STE 525
WASHINGTON DC 20007
Attorney for: MILA KOFMAN (DISMISSED)
KELLY L TURNER - RETAINED
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

ANNE HEAD (DISMISSED) - DEFENDANT
DPFR, 35 STATE HOUSE STATION
AUGUSTA ME 04333-0035
Attorney for: ANNE HEAD (DISMISSED)
KELLY L TURNER - RETAINED
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2012-00175

**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: CONSTITUTIONAL/CIVIL RIGHTS
Filing Date: 05/29/2012

## Docket Events:

05/30/2012 FILING DOCUMENT - COMPLAINT FILED ON 05/29/2012
        Plaintiff's Attorney:  JAMES A CLIFFORD

05/30/2012 Party(s):  PATRICIA GALOUCH
        ATTORNEY - RETAINED ENTERED ON 05/29/2012
        Plaintiff's Attorney: JAMES A CLIFFORD

05/30/2012 Party(s):  PATRICIA GALOUCH
        OTHER FILING - ENTRY OF APPEARANCE FILED ON 05/29/2012
        Plaintiff's Attorney:  JAMES A CLIFFORD

06/28/2012 Party(s):  PATRICIA GALOUCH
        SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 06/21/2012
        Plaintiff's Attorney:  JAMES A CLIFFORD

07/11/2012 Party(s):  STATE OF MAINE DEPARTMENT OF PROFESSIONAL
           MOTION - MOTION TO DISMISS FILED ON 07/06/2012
           Defendant's Attorney: KELLY L TURNER
           WITH MEMORANDUM OF LAW, ATTACHED EXHIBITS AND PROPOSED ORDER
                                                    7/6/2012-AMENDED MOTION TO
           DISMISS FILED

08/02/2012 Party(s):  PATRICIA GALOUCH
           MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 07/27/2012
           Plaintiff's Attorney:  JAMES A CLIFFORD
           TO FILE RESPONSE TO STATE'S AMENDED MOTION TO DISISS.

08/02/2012 Party(s):  PATRICIA GALOUCH
           MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 08/02/2012
           M MICHAELA MURPHY , JUSTICE
           COPIES TO PARTIES/COUNSEL

08/02/2012 Party(s):  STATE OF MAINE DEPARTMENT OF PROFESSIONAL
           ATTORNEY - RETAINED ENTERED ON 07/06/2012
           Defendant's Attorney: KELLY L TURNER

08/02/2012 Party(s):  MILA KOFMAN (DISMISSED)
           ATTORNEY - RETAINED ENTERED ON 07/06/2012
           Defendant's Attorney: KELLY L TURNER

08/02/2012 Party(s):  ANNE HEAD (DISMISSED)
           ATTORNEY - RETAINED ENTERED ON 07/06/2012
           Defendant's Attorney: KELLY L TURNER

08/10/2012 Party(s):  STATE OF MAINE DEPARTMENT OF PROFESSIONAL
           MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 08/07/2012
           Defendant's Attorney: KELLY L TURNER
           FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND PROPOSED
           ORDER

08/15/2012 Party(s):  PATRICIA GALOUCH
           OTHER FILING - OPPOSING MEMORANDUM FILED ON 08/15/2012
           Plaintiff's Attorney:  JAMES A CLIFFORD
           TO DEFENDANT'S MOTION TO DISMISS

08/17/2012 Party(s):  STATE OF MAINE DEPARTMENT OF PROFESSIONAL
           MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 08/17/2012
           M MICHAELA MURPHY , JUSTICE
           COPIES TO PARTIES/COUNSEL                                        DEFENDANT'S
           REPLY MEMORANDUM IN SUPPPORT OF ITS MOTION TO DISMISS IS DUE ON OR BEFORE AUGUST 27, 2012

08/31/2012 Party(s):  STATE OF MAINE DEPARTMENT OF PROFESSIONAL,MILA KOFMAN (DISMISSED),ANNE HEAD
                      (DISMISSED)
           OTHER FILING - REPLY MEMORANDUM FILED ON 08/27/2012
           Defendant's Attorney: KELLY L TURNER
           IN SUPPORT OF ITS AMENDED MOTION TO DISMISS

11/14/2012 HEARING - MOTION TO DISMISS SCHEDULED FOR 11/28/2012 at 10:45 a.m. in Room No. 2
        M MICHAELA MURPHY , JUSTICE


11/14/2012 HEARING - MOTION TO DISMISS NOTICE SENT ON 11/14/2012


11/14/2012 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 11/14/2012
        M MICHAELA MURPHY , JUSTICE


11/21/2012 Party(s): PATRICIA GALOUCH
        MOTION - MOTION TO CONTINUE FILED ON 11/21/2012
        Plaintiff's Attorney: JAMES A CLIFFORD
        MOTION HEARING


11/21/2012 Party(s): PATRICIA GALOUCH
        MOTION - MOTION TO CONTINUE GRANTED ON 11/21/2012
        M MICHAELA MURPHY , JUSTICE
        RE-SCHEDULED FOR LATER IN DECEMBER. UNDERSIGNED NOT IN KENNEBEC ON 12/11/12.
                                                COPY TO ATTY CLIFFORD AND AAG
        TURNER


11/21/2012 HEARING - MOTION TO DISMISS NOT HELD ON 11/21/2012
        MOTION TO CONTINUE GRANTED


12/21/2012 HEARING - MOTION TO DISMISS SCHEDULED FOR 01/09/2013 at 09:30 a.m. in Room No. 2
        M MICHAELA MURPHY , JUSTICE


12/21/2012 HEARING - MOTION TO DISMISS NOTICE SENT ON 12/21/2012
        LIST SENT TO ATTY CLIFFORD AND AAG TURNER


01/09/2013 HEARING - MOTION TO DISMISS HELD ON 01/09/2013
        M MICHAELA MURPHY , JUSTICE
        Defendant's Attorney: KELLY L TURNER
        Plaintiff's Attorney: JAMES A CLIFFORD
        TAPE 1644, INDEX 5753-7162 AND TAPE 1645, INDEX 72-155
                                                UNDER ADVISEMENT


02/20/2013 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
        MOTION - MOTION TO DISMISS DENIED ON 02/15/2013
        M MICHAELA MURPHY , JUSTICE
        COPY TO ATTY CLIFFORD, AAG TURNER


03/05/2013 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
        RESPONSIVE PLEADING - ANSWER TO AMENDED PLEADING FILED ON 03/04/2013
        Defendant's Attorney: KELLY L TURNER
        DEFT'S ANSWER TO AMENDED COMPLAINT


04/18/2013 Party(s): PATRICIA GALOUCH
        LETTER - FROM PARTY FILED ON 04/17/2013
        Plaintiff's Attorney: JAMES A CLIFFORD
        REGARDING SCHEDULING ORDER AND AMENDED COMPLAINT


04/23/2013 ORDER - SCHEDULING ORDER ENTERED ON 04/23/2013
        M MICHAELA MURPHY , JUSTICE

ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

04/23/2013 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 12/23/2013

05/15/2013 Party(s):  STATE OF MAINE DEPARTMENT OF PROFESSIONAL
          MOTION - MOTION SUMMARY JUDGMENT FILED WITH AFFIDAVIT ON 05/15/2013
          Defendant's Attorney: KELLY L TURNER
          WITH MEMORANDUM OF LAW STATEMENT OF MATERIAL FACTS AFFIDAVIT OF JULIE      ARMSTRONG AND
          PROPOSED ORDER

06/06/2013 Party(s):  PATRICIA GALOUCH
          OTHER FILING - AFFIDAVIT FILED ON 06/05/2013
          Plaintiff's Attorney:  JAMES A CLIFFORD
          OF PATRICIA GALOUCH

06/06/2013 Party(s):  PATRICIA GALOUCH
          OTHER FILING - OPPOSING MEMORANDUM FILED ON 06/06/2013
          Plaintiff's Attorney:  JAMES A CLIFFORD
          PLTF'S OPPOSING STATEMENT OF MATERIAL FACTS AND STATEMENT OF ADDITIONAL MATERIAL FACTS,
          PLTF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFT'S MOTION SJ

06/13/2013 Party(s):  STATE OF MAINE DEPARTMENT OF PROFESSIONAL
          OTHER FILING - REPLY MEMORANDUM FILED ON 06/12/2013
          Defendant's Attorney: KELLY L TURNER
          DEFT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SJ, REPLY STATEMENT OF MATERIAL FACTS

06/18/2013 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 07/15/2013 at 11:30 a.m.  in Room No.  2
          M MICHAELA MURPHY , JUSTICE

06/18/2013 HEARING - MOTION SUMMARY JUDGMENT NOTICE SENT ON 06/18/2013

06/25/2013 Party(s):  STATE OF MAINE DEPARTMENT OF PROFESSIONAL
          MOTION - MOTION TO CONTINUE FILED ON 06/24/2013
          Defendant's Attorney: KELLY L TURNER
          DEFT'S UNOPPOSED MOTION TO CONTINUE (HEARING 7/15/13)

07/03/2013 Party(s):  PATRICIA GALOUCH
          ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 07/03/2013
          Plaintiff's Attorney:  JAMES A CLIFFORD
          MEDIATION WITH JERROL CROUTER, 7/30/13

07/03/2013 Party(s):  STATE OF MAINE DEPARTMENT OF PROFESSIONAL
          MOTION - MOTION TO CONTINUE GRANTED ON 07/02/2013
          M MICHAELA MURPHY , JUSTICE
          COPIES TO PARTIES/COUNSEL                                        RESCHEDULED TO
          NEXT CIVIL MOTION DAY

07/03/2013 HEARING - MOTION SUMMARY JUDGMENT NOT HELD ON 07/02/2013
          MOTION TO CONTINUE GRANTED

08/29/2013 Party(s):  STATE OF MAINE DEPARTMENT OF PROFESSIONAL
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 08/23/2013

Defendant's Attorney: KELLY L TURNER
DEFT'S UNOPPOSED MOTION FOR ENLARGEMENT TO COMPLETE ADR

08/30/2013 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 08/29/2013
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                          ADR BY 1/23/14.
  ALL DEADLINES SET BY SCHEDULING ORDER FOLLOWING THE DISCOVERY DEADLINE ARE EXTENDED BY 30
DAYS.

09/21/2013 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 10/09/2013 at 09:00 a.m.  in Room No.  2
M MICHAELA MURPHY , JUSTICE

09/21/2013 HEARING - MOTION SUMMARY JUDGMENT NOTICE SENT ON 09/21/2013

10/09/2013 HEARING - MOTION SUMMARY JUDGMENT HELD ON 10/09/2013
M MICHAELA MURPHY , JUSTICE
Defendant's Attorney: KELLY L TURNER
Plaintiff's Attorney:  JAMES A CLIFFORD
TAPE 1767, INDEX 3600-4965                                         UNDER
ADVISEMENT

10/09/2013 CASE STATUS - DECISION UNDER ADVISEMENT ON 10/09/2013
M MICHAELA MURPHY , JUSTICE
MOTION SJ

10/17/2013 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 10/16/2013
Defendant's Attorney: KELLY L TURNER
REQUEST FOR PRODUCTION OF DOCUMENTS, ETC, SERVED 10/9.

10/29/2013 HEARING - 26(G) CONFERENCE SCHEDULED FOR 10/31/2013 at 09:00 a.m.
M MICHAELA MURPHY , JUSTICE
NOTICE TO PARTIES/COUNSEL

10/30/2013 Party(s): STATE OF MAINE DEPARTMENT OF PROFESSIONAL
LETTER - FROM PARTY FILED ON 10/25/2013
Plaintiff's Attorney:  JAMES A CLIFFORD
RESPONSE RE: REQUEST FOR DISCOVERY CONFERENCE

11/03/2013 HEARING - 26(G) CONFERENCE HELD ON 10/31/2013
M MICHAELA MURPHY , JUSTICE
Defendant's Attorney: KELLY L TURNER
Plaintiff's Attorney:  JAMES A CLIFFORD

11/03/2013 ORDER - 26(G) ORDER ENTERED ON 10/31/2013
M MICHAELA MURPHY , JUSTICE
ALL DISCOVERY DEADLINES STAYED UNTIL 11/15/13                      COPIES TO
PARTIES/COUNSEL

12/03/2013 Party(s): PATRICIA GALOUCH
JURY FILING - DEMAND FOR JURY TRIAL FILED ON 11/27/2013
Plaintiff's Attorney:  JAMES A CLIFFORD

12/17/2013 Party(s):  STATE OF MAINE DEPARTMENT OF PROFESSIONAL
         MOTION - MOTION SUMMARY JUDGMENT DENIED ON 12/17/2013
         M MICHAELA MURPHY , JUSTICE
         COPIES TO PARTIES/COUNSEL AND REPOSITORIES.                    DEFT'S MOTION
         FOR SUMMARY JUDGMENT IS DENIED WITHOUT PREJUDICE.  AFTER DISCOVERY IS COMPLETE, BOTH
         PARTIES MAY FILE DISPOSITIVE MOTIONS UNDER THE RULES.


A TRUE COPY
ATTEST:  _____
                    Clerk

STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-13-01
ΛΛMM _ KEN - 12/10/2013

PATRICIA GALOUCH,

Petitioner,

v.

ORDER ON MOTION TO
VACATE ARBITRATION
AWARD

STATE OF MAINE, DEPARTMENT OF
PROFESSIONAL AND FINANCIAL
REGULATION, BUREAU OF INSURANCE,

Respondent.

Before the Court is Petitioner Patricia Galouch's Motion to Vacate the Arbitration Award

AAA Case No. 11 390 02265 10, State # 2010-220-M dated November 13, 2012 (the

"Arbitration Award") brought pursuant to the Uniform Arbitration Act, 14 M.R.S.A. §§ 5927-

5949.

PROCEDURAL AND FACTUAL BACKGROUND

Patricia Galouch ("Galouch") was employed as an Office Associate II by the Maine

Bureau of Insurance, a State of Maine agency within the DPFR from May 6, 2006 to October 22,

2010. (Br. of Pet. 1.) On March 10, 2009, along with her attorney and Maine State Employees

Association SEIU Local 1989 ("MSEA-SEIU") representatives, she engaged in mediation with

the State. (Br. of Pet. 1.) The parties reached an agreement and Galouch agreed to dismiss or

withdraw all her past grievances and complaints; the State promised to retain her position,

1

improve working conditions, remove certain files within her employment file regarding discipline, and pay her attorney's fees. (Br. of Pet. 1.)

On December 16, 2009, MSEA-SEIU filed a grievance on Galouch's behalf in connection with an oral reprimand she had received from one of her supervisors for failing to follow directions in a particular matter. (Br. of Pet. 2.) On January 13, 2010, Galouch reported to her supervisor that she believed a certain State subcontractor had breached the terms of a court reporting service agreement. (Br. of Pet. 2.) Galouch alleges that her Supervisor, Tom Record, and Deputy Superintendent, Eric Cioppa, were angered that Galouch had decided to report this supposed violation. (Br. of Pet. 2.)

On January 28, 2010, the Superintendent of the Bureau of Insurance, Mila Kofman, placed Galouch on involuntary (*i.e.*, paid) administrative leave. (Br. of Pet. 2.) The notice of suspension stated that Galouch's suspension was based on allegations that she had exceeded the authority and/or duties of her position, and that if the allegations were substantiated, they would lead to discipline and even discharge. (Br. of Pet. 2; Ex. 1.) Galouch alleges that she was placed on administrative leave and ultimately terminated because of her January 13 whistleblowing reports. (Br. of Pet. 2.) Additionally, she claims she was dismissed without proper prior notice, without an opportunity to understand the allegations leveled against her or respond to them, and without regard to the express terms of the March 10, 2009 Settlement Agreement. (Br. of Pet. 2.)

On July 12, 2010, Galouch received a letter dated July 9, 2010 from Kathy Weymouth, an Investigator with the State of Maine Office of Employee Relations ("OER"), seeking an interview with Galouch "in connection with the allegations that she exceeded her authority." (Br. of Pet. 2; Ex. 2.) The investigation request also indicated that Galouch was being reviewed based on reports of additional performance issues discovered since she had been placed on

2

administrative leave, "including inattention to detail, entering incorrect information into a database, and failure to follow direction." (Br. of Pet. 2; Ex. 2.)

On August 17, 2010, Galouch along with her Union Steward and Representative met with Investigator Weymouth concerning the State's investigation. (Br. of Pet. 2.) Investigator Weymouth issued a report to State BOHR General Counsel Joyce Oreskovich on September 9, 2010 entitled "Patricia Galouch Investigation." (Br. of Pet. 2.) On September 27, 2010, Galouch received notice from Superintendent Kofman that DPFR was terminating her employment. (Br. of Pet. 3.) On October 15, 2010, a *Loudermill* hearing was held at which Galouch and her MSEA-SEIU Field Representative met with Commissioner Anne Head and Ms. Oreskovich. (Br. of Pet. 3.) Following this hearing, on October 19, 2010, Galouch received notice from Commissioner Head stating her employment was terminated effective October 22, 2010. (Br. of Pet. 3; Ex. 3.)

Subsequently, in accordance with the applicable Collective Bargaining Agreement (the "CBA"), MSEA-SEIU submitted a request for arbitration to the American Arbitration Association, which was set to be reviewed by Joan Martin, Arbitrator (the "Arbitrator"). The request alleged that Galouch's termination was without just cause and without regard for or deference to the law or terms of the 2009 Settlement Agreement. (Br. of Pet. Ex. 8.) The parties to arbitration, the State and MSEA-SEIU, agreed on the following two issues to be addressed by the Arbitrator: whether there was just cause to terminate Galouch and what should the remedy be if no such good cause was found. (Br. of Pet. Ex. 4 at 1.) The Arbitration Hearing was held on March 22, April 3, April 26, June 6, June 11, June 19, July 16, and July 17, 2012, and was attended by all parties with the Arbitrator.[1] (Br. of Pet. 3.) After the Hearing was over, the

---

[1] Galouch notes that there is no typed transcript or audiotape available because neither the State nor MSEA-SEIU retained court reporters or recorders for the arbitration. (Br. of Pet. 3.)

3

parties submitted briefs, and on November 13, 2012, the Arbitrator issued her opinion ruling that the DPFR had terminated Galouch without just cause. (Br. of Pet. 3; Ex. 4.) However, the Arbitrator upheld the termination because she concluded that Galouch had failed to perform her duties as an employee of the Bureau of Insurance even adequately.[2] (Br. of Pet. 3; Ex. 4.) Galouch then notified MSEA-SEIU that she would be filing this motion to vacate the Arbitration Award *pro se*. (Br. of Pet. 3.)

## STANDARD OF REVIEW

The role of courts in post-arbitration judicial review is very limited. The Maine Uniform Arbitration Act, 14 M.R.S.A. § 5938(1) provides that an arbitrator's award will be vacated if, among other things, the arbitrator exceeded her authority. The standard for determining whether an arbitrator exceeded her authority is a narrow one. *Dep't of Transp. v. Maine State Emps. Ass'n, SEIU Local 1989*, 606 A.2d 775, 777 (Me. 1992). The Court will uphold an arbitrator's award if it is supported by any rational construction of the collective-bargaining agreement. *Maine State Emps. Ass'n v. Maine Dep't of Defense*, 436 A.2d 394, 397 (Me. 1981). A court may not substitute its judgment for that of the arbitrator. *Dep't of Transp.*, 606 A.2d at 777. It is the arbitrator's construction of a contract that is bargained for, and only when there is a manifest disregard of the contract or the award contravenes public policy, will the court disturb the award. *Id. See also Bureau of Maine State Police v. Pratt*, 568 A.2d 501, 505 (Me. 1989). The mere fact that an arbitrator commits an error of law does not mean that she has exceeded his authority. *Id.*

---

[2] The Arbitrator's Award was, as presented:
   1. The State of Maine did not have just cause to terminate the Grievant.
   2. The Grievant shall be awarded back pay from the date of her termination, October 22, 2010 until the date of this award, November 13, 2012.
   3. The Grievant shall be reimbursed for any verifiable medical expenses incurred during the time of her termination, if those expenses would otherwise have been paid by her insurance coverage if she had been employed.
   4. The Grievant shall not be reinstated to her position with the State of Maine.
(Br. of Pet. Ex. 4 at 33.)

4

Not to give such a broad discretion to the arbitrator's award would give courts the final say on the merits of the arbitration and undercut the benefits of labor arbitration—namely, speed, flexibility, informality, and finality. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985).

## DISCUSSION

### *Does Galouch Have Standing to Challenge the Arbitration Award?*

The first issue before this Court is whether Galouch has standing to challenge the Arbitration Award even though she is not a signatory to the CBA and did not participate in the arbitration as a party. While other courts have addressed this narrow issue, it has not yet been before the Law Court.[3] Courts that have considered whether an aggrieved employee has standing to challenge an arbitration award have held that the challenger will have standing if she is a "party" to the collective bargaining agreement[4] or to the arbitration.[5]

---

[3] *See, e.g., Plumley v. S. Container, Inc.*, 125 F. Supp. 2d 556, 559 (D. Me. 2000) ("In general, an individual employee lacks standing either to enforce an arbitration award.") (citing *Cleveland v. Porca Co.*, 38 F.3d 289, 296 & n. 5 (7th Cir.1994)).

[4] *Stahulak v. City of Chicago*, 703 N.E.2d 44, 46 (Ill.1998) (holding that because the plaintiff was not a party to the collective bargaining agreement, he lacked standing to bring a lawsuit to vacate an arbitration award); *Miller v. Bd. of Regents of Higher Educ.*, 405 Mass. 475 (Mass. 1999) (holding that under a state statute regulating collective bargaining agreements, a unionized employee did not have standing to seek to set aside an arbitration award); *Farmer v. H.O. Penn Mach.*, 375 N.Y.S.2d 17, 18 (N.Y. App. Div. 1975) (holding that the petitioner could not complain of the arbitration award because he was not a party to the collective bargaining agreement).

[5] *Kozura v. Tulpehocken Area Sch. Dist. & Tulpehocken Educ. Ass'n*, 791 A.2d 1169, 1174 n. 7 (Pa. 2002) (stating that where a collective bargaining agreement provides that a union and not an individual employee can request arbitration, the employer and the union are the only parties to the arbitration and only they can seek relief from an adverse award); *accord Taylor v. State Bd. of Mediation & Arbitration*, 736 A.2d 175, 179 (Conn. App. Ct. 1999) (holding that unless the collective bargaining agreement establishes a personal right to seek arbitration, an employee is not a party to the arbitration and lacks standing to seek confirmation of the award); *Wilson v. Bd. of Educ. of the City of New York*, 689 N.Y.S.2d 222, 222 (N.Y. App. Div. 1999) (holding that the petitioner could not seek to vacate the arbitration award because he was party neither to the arbitration nor to the collective bargaining agreement); *Cornell v. Caren*, 428 N.Y.S.2d 764, 766 (N.Y. App. Div. 1980) (holding that the petitioner lacked standing to seek vacation of the award because he was not a party to the arbitration).

5

Here, the only two parties to arbitration were the State and MSEA-SEIU. (Br. of Pet. Ex. 4.) The caption of the Arbitrator's Decision is styled "*Maine State Employees Association Local 1989, SEIU, AFL-CIO and State of Maine Department of Professional and Financial Regulation.*" (Pet. Ex. 4 at 1.) It refers to Galouch as "Grievant," and not as "Party." (Br. of Pet. Ex. 4 at 9-14, 20-23.) Nor was Galouch a signatory to the CBA; the only signatories to the contract were the State and MSEA-SEIU. (Br. of Pet. Ex. 5 at 81.) Because Galouch was not a party to the CBA or the arbitration, she has no standing to challenge the Arbitration Award, unless there exists an independent basis conferring standing—if she is an intended third-party beneficiary under the CBA with an enforceable right to individually challenge the Arbitration Award.[6]

The courts that allowed aggrieved employees to proceed with their actions challenging an arbitration award did so on the basis of the language of the collective bargaining agreement at issue. *See, e.g., Kozura,* 791 A.2d 1169. In those cases, the agreement on its face intended to permit unionized employees to assert grievances individually, or to arbitrate or challenge the results of such proceedings on their own behalf. For example, in *Kozura,* the court held that an aggrieved employee had standing because the collective bargaining agreement contained the following provisions: "If the grievance has not been settled in Step Three, it may be referred to arbitration by the Employee(s)" and "An Employee may be represented at any and all steps of this procedure by a person of their choice." *Id.*

It is not enough for the collective bargaining agreement to simply bring about some benefit to the aggrieved employee. In *Falsetti v. Local Union No. 2026, United Mine Workers of*

---

[6] The Court agrees with Galouch that in general, third-party intended beneficiaries have standing to enforce a contract, however, this is not the issue before this Court. The narrow issue here is whether the CBA intended to give Galouch an enforceable right to individually challenge the Arbitration Award in spite of her not being a signatory to the contract.

*America*, the court specifically rejected the argument that an employee should be entitled to enforce a seniority provision in the agreement because it was intended to benefit unionized employees and not the union. 161 A.2d 882, 893 (Pa. 1960). On the contrary, the Court held that the employee's cause of action was precluded by a contractual grievance and arbitration procedure, which, by its very terms, limited access thereto to the union. *Id.*

The CBA before this Court is unlike the one in *Kozura*. The language of the CBA provides as follows: "if the grievance has not been satisfactorily resolved in Step 3, then **MSEA-SEIU** may submit the grievance to arbitration by submitting a request for arbitration to the Chief Counsel of Employee Relations as well as a statement of the grievance." (Br. of Pet. Ex. 5 at 32 (emphasis added).) It further provides that "[t]he State shall not deny any employee MSEA-SEIU representation at any stage of the grievance procedure and **MSEA-SEIU shall have the exclusive right to represent employees** in any grievance." (Br. of Pet. Ex. 5 at 33 (emphasis added).) This language in the CBA unambiguously suggests that it was not the intention of the State or MSEA-SEIU to allow State employees, like Galouch, to enforce individually their rights under the CBA's grievance and arbitration provisions. In fact, to do so would thwart the purpose of *collective* bargaining.

Although this Court is of the opinion that Galouch and similarly situated employees do not have standing to challenge an arbitration award obtained by MSEA-SEIU pursuant to Step 4 of the Grievance Procedure, it does not mean that these employees are left without recourse. An individual employee may bring such a claim if she by her motion to vacate an arbitration award also alleges and proves that the union breached its duty of fair representation in connection with the substance of her claim. *Plumley*, 125 F. Supp. 2d at 559 (citing *Cleveland,* 38 F.3d at 297).

And an employee need not sue the union in order to proceed against his employer on such a claim. *Id.* (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983)).

The record in this case is insufficient to support a finding of a breach of fiduciary duties owed by MSEA-SEIU to Galouch. Petitioner contends that she "notified her labor union, the Maine State Employees Association (MSEA-SEIU), that she would be filing this appeal *pro se* after they notified her that they would not." (Br. of Pet. 3.) However, nothing in the record indicates that MSEA-SEIU's decision not to proceed with a motion to vacate the Arbitration Award was "arbitrary, discriminatory or in bad faith." *Brown v. MSEA*, 1997 ME 24, ¶ 7, 690 A.2d 956; *Lundrigan v. MLRB*, 482 A.2d 834, 836 (Me. 1984). While the union may not disregard or set aside a grievance with merits, or unreasonably postpone filing a grievance, "a 'wide range of reasonableness must be allowed' and 'mere negligence, poor judgment or ineptitude are insufficient to establish a breach of the duty of fair representation.'" *Lundrigan* 482 A.2d 836 (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)); *see also Brown*, 1997 ME 24, ¶ 7, 690 A.2d 956.

A union's conduct is arbitrary if:

> In light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational. A union's discriminatory conduct violates its duty of fair representation if it is invidious. Bad faith requires a showing of fraud, or deceitful or dishonest action.

*Aguinaga v. United Food & Commercial Workers Int'l Union*, 993 F.2d 1463, 1470 (10th Cir. 1993).

None of these elements of unfair representation are present here and for that reason, the Court concludes that MSEA-SEIU's decision not to pursue Galouch's theory of inadequacy of the Arbitration Award was an act of discretion, and fell sufficiently within the bounds of its duty

of fair representation. For the foregoing reasons, Galouch lacks standing to challenge the Arbitration Award either as a third-party beneficiary or on any other basis.

### *If Galouch Had Standing, Would She Be Able to Establish Grounds for Vacating the Arbitration Award?*

Even if Galouch had standing to pursue this motion to vacate the Arbitration Award, she would fail because she did not plead a cognizable legal basis to invalidate the Arbitrator's decision.[7] Galouch argues that the Arbitrator's Award should be vacated because she exceeded her power in fashioning the remedy so that Galouch would not be reinstated to her position with the State. She contends that having determined that Galouch was terminated without just cause, the Arbitrator was constrained to fashion a remedy consistent with the progressive discipline prescribed by the CBA. To find merit in Galouch's argument, this Court must conclude that the Arbitrator's decision bears no reasonable relationship to the CBA. *Maine State Emps. Ass'n*, 436 A.2d at 397. If there is any rational construction of the CBA that would support the Arbitration Award, the Award must be upheld. *Id.*

The CBA prohibits the State from suspending without pay, demoting, or dismissing its employees unless it first gives the employee a notice in writing of the disciplinary action to be taken. (Br. of Pet. Ex. 5 at 19.) It further requires the State to follow the principles of progressive discipline. (Br. of Pet. Ex. 5 at 19.) The Arbitrator concluded that the State failed to follow progressive discipline and for that reason found Galouch's termination to be without just cause.

---

[7] Pursuant to 14 M.R.S.A. § 5938(1), this Court may vacate an arbitrator's award on the basis of: corruption, fraud or other undue means; arbitrator's partiality; arbitrator's having exceeded his powers; arbitrator's refusal to postpone the hearing or refusal to hear evidence material to the controversy.

But, because of her finding that Galouch had failed to perform her duties even adequately, the Arbitrator concluded that reinstatement would not be an appropriate remedy in this case. (Br. of Pet. Ex. 4 at 29.) Although this remedy seems to go beyond the four corners of the CBA, it was the parties' arbitration submission that empowered the Arbitrator to craft the remedy the way she did.

"Absent an express provision to the contrary, it must be assumed that the parties did not intend the arbitrator to go beyond the contract." *Am. Fed'n of State, Cnty., & Mun. Emps., Council 93 v. City of Portland*, 675 A.2d 100, 103 (Me. 1996) (citing *Westbrook Sch. Comm. v. Westbrook Teachers Ass'n,* 404 A.2d 204, 208-209 (Me.1979)). However, if the parties to arbitration purposefully invite the arbitrator to determine her own remedy, the reviewing court will be required to consider both the agreement and the arbitral submission. *Id.* (citing *E. Maine Med. Ctr., Inc. v. Maine State Nurses Ass'n*, 866 F. Supp. 607, 609 (D. Me. 1994)).

Here, the parties to arbitration, the State and MSEA-SEIU, submitted two issues to the Arbitrator: "Did the State have just cause to terminate the grievant, Patricia Galouch?" and "If not, what shall the remedy be?" (Br. of Pet. Ex. 4 at 1.) In other words, the State and MSEA-SEIU did not simply request that the Arbitrator determine whether, pursuant to the CBA, there was just cause for Galouch's termination, but they also explicitly expanded the Arbitrator's authority by asking her to craft a remedy she deemed appropriate. In light of this arbitral submission, the award was within the consensual delegation of arbitral authority. *Id.* (citing *High Concrete Structures, Inc. v. United Elec., Radio and Mach. Workers of Am., Local 166*, 879 F.2d 1215, 1218-19 (3d Cir.1989) (parties may agree to authorize an arbitrator to go beyond the terms of the agreement by submitting specific issues to arbitration); *Carpenters' Dist. Council v.*

10

*Anderson,* 619 F.2d 776, 778 (8th Cir.1980) (even if arbitrator exceeded his power pursuant to the agreement, the parties' submission gave him authority to order reinstatement and back pay)).

With the deferential scope of review in mind, the Court is compelled to conclude that the Arbitration Award was proper.

**The entry will be:**

**Patricia Galouch's Motion to Vacate the Arbitrator's Award dated November 13, 2012 is**

**DENIED.**

_____  
12/10/13  
**DATE**

_____  
**SUPERIOR COURT JUSTICE**

11

| Date Filed | 1/9/13 | Kennebec County | Docket No. AP-13-01 | F |

Action: <u>Petition for Review</u>
     80C

## J. Murphy

Patricia Galouch        vs.

State of Maine, Department of Professional & Financial Regulation, Bureau of Insurance

---

| Plaintiff's Attorney | Defendant's Attorney |

~~Patricia Galouch, Pro Se~~
~~91 Old Winthrop Road, #3~~
~~Augusta, ME 04330~~

Julie Armstrong, Esq,
79 State House Station
Augusta, ME 04333-0079

Barbara Goodwin, Esq.
PO Box 1051
Augusta, ME 04332-1051

Date of Entry

---

1/15/13     Appellant's Petition Of Review Brief, filed 1/9/13. s/Galouch, Pro Se

1/31/13     Memorandum In Opposition To Petitioner's Motion To Vacate Arbitration Award, filed 1/30/13. s/Armstrong, Esq.

2/12/13     Reply to Memorandum Opposition to Petitioner's Motion to Vacate Arbitration Award, filed. s/Galouch, Pro Se

2/13/13     Revised signed Certificate of Service, filed.s/Patricia Galouch, Pro Se

3/12/13     Oral argument scheduled for 4/4/13
            List mailed to Petitioner and Atty Armstrong

3/28/13     Motion to Continue, filed. s/Galouch, Pro Se

4/1/13      ORDER, Murphy, J.
            Motion to Continue is Granted.
            Copy to Petitioner and Atty Armstrong

5/24/13     Oral argument scheduled for 7/15/13 at 9:30 a.m.
            Copy of motion list and hearing notice mailed to Petitioner and Atty Armstrong.

7/17/13     Oral argument was not held on 7/15/13. Rescheduled to 8/2/13 at 8:15.
            Notice of Hearing mailed to Attys Goodwin and Armstrong.

8/2/13      Oral argument held. J. Murphy presiding.
            Barbara Goodwin, Esq. for Petitioner, Julie Armstrong, Esq. for Respondent.
            Tape 1740, Index 50-650
            Under advisement.

12/10/13      ORDER ON MOTION TO VACATE ARBITRATION AWARD, Murphy, J.
Patricia Galouch's Motion to Vacate the Arbitrator's Award dated November 13, 2012
is DENIED.
Copy to Attys Goodwin and Armstrong.
Copy to repositories.